**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 5 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

TRAVIS SHANE HOLLON,

Petitioner-Appellant,

v.

CHARLES RAY, Warden,

Respondent-Appellee.

No. 04-5154

(D.C. No. CV-01-453-E)
(N.D. Oklahoma)

**ORDER** [*]

Before **BRISCOE** , **LUCERO** , and **MURPHY** , Circuit Judges.

Travis Shane Hollon, an Oklahoma state prisoner, seeks a certificate of

appealability (COA) to appeal the district court's dismissal of his 28 U.S.C.

§ 2254 habeas petition.  We deny the request for a COA and dismiss the appeal.

Issuance of a COA is jurisdictional.    Miller-El v. Cockrell   , 537 U.S. 322,

336 (2003).  A COA can issue only "if the applicant has made a substantial

showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  "A

petitioner satisfies this standard by demonstrating that jurists of reason could

disagree with the district court's resolution of his constitutional claims or that

---

[*]This order is not binding precedent, except under the doctrines of law of
the case, res judicata, and collateral estoppel.

jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El, 537 U.S. at 327. After careful review, we conclude the requirements for issuance of a COA have not been met.

In his habeas petition, Hollon asserted violation of double jeopardy rights, violation of the right to effective assistance of trial and appellate counsel, and violation of his due process rights by misconduct on the part of the prosecutor. The district court found the Oklahoma Court of Criminal Appeals had adjudicated the double jeopardy, prosecutorial misconduct, and ineffective assistance of trial counsel claims on direct appeal. In addition, Hollon's claim of ineffective assistance of appellate counsel was adjudicated in his state post-conviction proceeding. In cases where the state court has reviewed the issues on the merits, the district court must decide whether the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court" or was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." See 28 U.S.C. § 2254(d); Dockins v. Hines, 374 F.3d 935, 937 (10th Cir. 2004)..

The district court found the state court's "conclusion that the trial court correctly declared a mistrial on grounds of manifest necessity [was] not contrary to, or an unreasonable application of Supreme Court precedent." Aplt. App. at

2

10-11.  The court reviewed the state court's actions and found the court conducted an "extensive hearing" and "made every effort to exercise sound discretion to assure that, taking all the circumstances into account, there was a manifest necessity for the declaration of a mistrial."      Id. at 9.  As a result, the district court concluded double jeopardy did not attach.  The district court further found that the proceedings against Hollon were not rendered fundamentally unfair by prosecutorial misconduct, and that Hollon was not entitled to relief based on his claims of ineffective assistance of trial and appellate counsel.

We DENY the request for a COA and DISMISS the appeal for substantially the same reasons as stated in the district court's order filed August 27, 2004.

Entered for the Court

Mary Beck Briscoe
Circuit Judge

3