**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**September 13, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

BILL YANEZ,

      Plaintiff - Appellant,

v.

CHRISTINE VALLEJOS, Warden,

      Defendant - Appellee.

No. 06-2133

(D. New Mexico)

(D.C. No. CIV-05-1180 RB/RLP)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **TACHA**, Chief Circuit Judge, **HARTZ**, and **TYMKOVICH**, Circuit Judges.

The district court denied Bill Yanez's application for a writ of habeas corpus under 28 U.S.C. § 2254 after his conviction and unsuccessful appeal in New Mexico state court. He now seeks from this court a certificate of appealability (COA), *see* 28 U.S.C. § 2253(c(1) (requiring a COA to appeal the

---

[*]After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

denial of a motion under § 2254), to appeal the district court's ruling. We deny a COA and dismiss the appeal.

Mr. Yanez lived with his girlfriend, Brenda Dillon, whose mother, Della Dillon, offered her services to law enforcement to set up a drug buy from Mr. Yanez. An officer provided Della with $600 in cash and placed a tape recorder in her purse. She went to Mr. Yanez's house and told him that she wanted to buy an ounce of cocaine; he told her to return in one hour. When she did (while under police surveillance), Mr. Yanez came out to her car and placed a cigarette pack on the dash; she then gave him the $600. The pack contained an ounce of cocaine.

Mr. Yanez was convicted by a jury of possession of cocaine with intent to distribute. He was sentenced to a term of ten years' imprisonment, to be followed by two years on parole, with the last 18 months of the sentence being suspended. Mr. Yanez appealed to the New Mexico Court of Appeals, claiming six errors: (1) insufficiency of the evidence; (2) improper impeachment of Mr. Yanez with a prior conviction; (3) failure to instruct on objective entrapment; (4) failure of his counsel (a) to advise him that he did not have to testify, (b) to request an entrapment instruction, and (c) to object to the amendment of the indictment; (5) failure of the trial judge to recuse herself; and (6) the trial court's changing his sentence after it was orally announced, but before it was issued in writing. The New Mexico Court of Appeals affirmed on all claims on June 29, 2005. The New

Mexico Supreme Court denied Mr. Yanez's petition for certiorari on August 11, 2005. He then filed an application for a writ of habeas corpus in the United States District Court for the District of New Mexico on November 8, 2005, raising the same six claims.

In a report and recommendation on the application, a magistrate judge concluded that three of Mr. Yanez's claims (that the trial judge failed to instruct on objective entrapment, should have recused herself for bias, and erroneously allowed impeachment on the basis of a prior conviction) concerned only state law and were not properly part of the habeas application. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States."). The judge decided that the New Mexico Court of Appeals' disposition of the insufficient-evidence and ineffective-assistance issues were neither contrary to, nor involved an unreasonable application of clearly established law, and recommended that the claims be dismissed. The judge neglected, however, to consider whether Mr. Yanez's constitutional rights were violated when his sentence was changed after being orally announced. The district court adopted the report and recommendation in full and dismissed the application on April 7, 2006.

Mr. Yanez filed a notice of appeal; and the district court denied a COA on May 5, 2006.

A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires "a demonstration that . . . includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). In other words, the applicant must show that the district court's resolution of the constitutional claim was either "debatable or wrong." *Id*.

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) provides that when a claim has been adjudicated on the merits in state court, a federal court will grant habeas relief only when the applicant establishes that the state court decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1), (2).

> Under the "contrary to" clause, we grant relief only if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently

-4-

than the [Supreme] Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, relief is provided only if the state court identifies the correct governing legal principle from the Supreme Court's decisions but unreasonably applies that principle to the facts of the prisoner's case. Thus we may not issue a habeas writ simply because we conclude in our independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable.

*Gipson v. Jordan*, 376 F.3d 1193, 1196 (10th Cir. 2004) (internal quotation marks and citations omitted). "AEDPA's deferential treatment of state court decisions must be incorporated into our consideration of a habeas petitioner's request for COA." *Dockins v. Hines*, 374 F.3d 935, 938 (10th Cir. 2004).

On appeal Mr. Yanez raises a number of claims. All but one of them are new. He contends that the state trial court should not have allowed him to waive his right to an arraignment; that a trial witness committed perjury; and that he should have received probation time while awaiting surgery. Because Mr. Yanez did not raise these claims in the district court, he has waived them. *See Parker v. Scott*, 394 F.3d 1302, 1307 (10th Cir. 2005).

The remaining claims relate to ineffective assistance of counsel. "In order to warrant habeas relief, petitioner must establish both that his attorney's representation was deficient and that he was prejudiced by counsel's deficient performance." *Pickens v. Gibson*, 206 F.3d 988, 1001 (10th Cir. 2000). "In order to establish prejudice resulting from deficient representation, petitioner must show that there is a reasonable probability that, but for counsel's unprofessional

errors, the result of the proceeding would have been different." *Id.* (internal quotation marks omitted).  In his pleadings in this court, Mr. Yanez contends that his counsel (1) had a conflict of interest because he said at sentencing that he would not ride in a car with Mr. Yanez; (2) wrongfully advised Mr. Yanez to take the stand in his own defense; (3) failed to call a key witness; (4) failed to challenge the authenticity of the tape recording of the drug transaction; (5) failed to challenge government witnesses for committing perjury; (6) inadequately prepared for trial; (7) failed to object after observing Della and Brenda Dillon talking with each other in the hallway during a trial recess; (8) improperly advised him to waive his right to an arraignment; and (9) failed to move to dismiss the case after Mr. Yanez waived his right to an arraignment.  Although Mr. Yanez raised ineffective-assistance claims in the district court, the only specific claim also raised on appeal is that his counsel failed to advise him that he was not required to testify in his own defense.  Those not raised on appeal have been abandoned.  *See United States v. Abdenbi*, 361 F.3d 1282, 1289 (10th Cir. 2004).[1]  And those not raised below have been waived.  *See Parker*, 394 F.3d at 1307.

As for the remaining ineffective-assistance claim, Mr. Yanez has not indicated how his not testifying would have changed the outcome of the trial.

---

[1]We also note that Mr. Yanez does not raise on appeal the claim that the trial court improperly modified his sentence after it was orally announced but before it was issued in writing.

The straightforward evidence against him was compelling. The district court was undoubtedly correct in holding that the New Mexico Court of Appeals' determination that Mr. Yanez had failed to show any prejudice resulting from his testimony was neither contrary to nor an unreasonable application of clearly established federal law. We therefore deny a COA on this claim.

We DENY a COA and DISMISS the appeal.

ENTERED FOR THE COURT

Harris L Hartz
Circuit Judge