F I L E D
United States Court of Appeals
Tenth Circuit

December 12, 2006

Elisabeth A. Shumaker
Clerk of Court

## UNITED STATES COURT OF APPEALS

### TENTH CIRCUIT

---

DERWIN STEWART,

      Petitioner-Appellant.

v.

RAY ROBERTS, Warden, El Dorado
Correctional Facility, PHIL KLINE,
Attorney General of Kansas,

      Responents-Appellees.

No. 06-3185
(D.C. No. 05-CV-3238-WEB)
(Kansas)

---

### ORDER*

---

Before **MURPHY, SEYMOUR**, and **McCONNELL**, Circuit Judges.

---

Derwin Stewart, a state prisoner appearing *pro se[1]*, seeks a certificate of

appealability (COA) to challenge the district court's denial of his petition for writ

of habeas corpus under 28 U.S.C. § 2254.[2] Exercising jurisdiction under 28

---

*This order is not binding precedent, except under the doctrines of law of
the case, res judicata, and collateral estoppel.

[1]We liberally construe Mr. Stewart's *pro se* application. *See Cummings v.
Evans,* 161 F.3d 610, 613 (10th Cir. 1998), *cert. denied,* 526 U.S. 1052 (1999).

[2]The district court denied Mr. Stewart's request for a COA.

U.S.C. § 2253(c)(1), we see no basis for appeal and deny his application for a COA.

In 1997, Mr. Stewart was convicted in Kansas state court of reckless second degree murder and aggravated assault and was sentenced to 166 months imprisonment. He appealed to the Kansas Court of Appeals and the Kansas Supreme Court without success. He subsequently collaterally challenged his conviction in state court, was denied relief, and appealed unsuccessfully. Mr. Stewart then sought relief in federal court, filing an extensive petition for a writ of habeas corpus. In a thorough opinion, the district court dismissed numerous claims on procedural grounds for Mr. Stewart's failure to exhaust in state court and dismissed several claims after consideration on their merits in light of AEDPA deference. Included among those claims dismissed on the merits are alleged constitutional violations stemming from (1) Mr. Stewart's absence during a jury viewing of the crime scene; (2) a failure of the trial court to issue jury instructions discussing a lesser included offense; and (3) his counsel's alleged ineffectiveness for allowing a tape containing incriminating statements to be played to the jury. In support of his present application to this court, Mr. Stewart asserts ineffective assistance of counsel, a denial of due process rights, and a denial of his constitutional right to be present during the jury's viewing of the crime scene.

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a state

-2-

habeas petitioner "has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253." *Miller-El v. Cockrell*, 537 U.S. 322, 335 (2003). Before he may appeal, he first must obtain a COA. Otherwise the court of appeals is without jurisdiction. *See id*. at 336. A COA will issue only if petitioner makes "a substantial showing of the denial of a constitutional right." *Slack v. McDaniel*, 529 U.S. 473, 483 (2000) To do so, petitioner must show "that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Id*. (citations and internal quotation marks omitted).

In determining whether the petitioner has made the required showing, we review the claims presented in his § 2254 petition and generally assess their merit. *See Miller-El*, 537 U.S. at 336. In doing so, we "look to the District Court's application of AEDPA to petitioner's constitutional claims and ask whether that resolution was debatable amongst jurists of reason." *Id*. Where petitioner's federal habeas claims were adjudicated on the merits, we will grant an application for COA "only where the state court decision was 'contrary to, or involved an unreasonable application of , clearly established Federal law, as determined by the Supreme Court . . .' or was 'based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.' 28 U.S.C. § 2254(d)." *Dockins v. Hines*, 374 F.3d 935, 936-37

-3-

(10th Cir. 2004). Where the district court dismissed petitioner's claims on procedural grounds, "a COA should issue when [petitioner] shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

Upon review of the entire record, we conclude the claims labeled procedurally barred by the district court were indeed not raised in prior state court proceedings and the procedural exhaustion ruling is thus not debatable. Two of Mr. Stewart's claims decided on the merits, namely, failure to provide jury instructions and exclusion from the jury viewing of a crime scene, are directly contradicted by controlling case law. *See Snyder v. Massachusetts,* 291 U.S. 97 (1934), *overruled on other grounds by Malloy v. Hogan,* 378 U.S. 1, 17-18 (1964) (holding no constitutional right to be present at a jury viewing of the crime scene); *Dockins v. Hines*, 374 F.3d 935, 938 (10th Cir. 2004) ("The Supreme Court has never recognized a federal constitutional right to a lesser included offense instruction in non-capital cases."). Mr. Stewart's ineffectiveness claim is undermined by a statement he made during an extensive colloquy with the state trial judge that the taped testimony was presented because it "was in his best interests." Rec., vol. VI at 269. The district court's additional analysis of Mr. Stewart's ineffectiveness claim is sound, and the court's resulting denial is not

debatable.  Nor is its determination that the evidence was sufficient to support Mr. Stewart's conviction.  Accordingly, we conclude that reasonable jurists would not disagree with the district court's dismissal.

Because Mr. Stewart has not "made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2),  we **DENY** his request for a COA.

ENTERED FOR THE COURT


Stephanie K. Seymour
Circuit Judge