**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 9, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

MICHAEL ANTON ARMSTRONG,

Petitioner - Appellant,

v.

ERIC FRANKLIN, Warden,

Respondent - Appellee.

No. 10-5039

(N.D. Oklahoma)

(D.C. No. 4:06-CV-00489-TCK-TLW)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**

Before **HARTZ**, **ANDERSON**, and **TYMKOVICH**, Circuit Judges.

Michael Anton Armstrong, an Oklahoma state prisoner proceeding pro se ,
seeks a certificate of appealability (COA) to appeal the denial of his application
under 28 U.S.C. § 2254 for habeas relief. *See* 28 U.S.C. § 2253(c) (requiring
COA to appeal denial of application). Because Mr. Armstrong has failed to make
a substantial showing of the denial of a constitutional right, *see id.* § 2253(c)(2),
we deny his request for a COA and dismiss the appeal.

**I. BACKGROUND**

Mr. Armstrong was convicted by a jury in Oklahoma state court of one
count of unlawful trafficking in cocaine base after former conviction of two or
more felonies, two counts of resisting an officer, one count of second-offense
felony possession of marijuana, and one count of driving under suspension. He

was sentenced to consecutive terms of 37 years' imprisonment on the cocaine-trafficking count, one year's imprisonment for each of the resisting-an-officer counts, 42 months' imprisonment on the marijuana-possession count, and 90 days' imprisonment on the driving-under-suspension count. On appeal the Oklahoma Court of Criminal Appeals (OCCA) affirmed his convictions and sentences, except that it reduced his fine on the cocaine conviction.

On September 15, 2006, Mr. Armstrong filed his § 2254 application in the United States District Court for the Northern District of Oklahoma, asserting six grounds for relief: (1) that the jury should not have been instructed on two counts of resisting arrest; (2) that the trial court erred in excluding a videotape offered by Mr. Armstrong to show the lighting and visibility on the night of his arrest; (3) that his trial counsel's failure to offer that videotape in support of Mr. Armstrong's motion to suppress constituted ineffective assistance of counsel in violation of the Sixth and Fourteenth Amendments; (4) that his convictions on the two drug counts "[c]onstituted multiple punishment for a single crime," R., Vol. 1 at 8; (5) that his prior drug-possession convictions were erroneously used both to enhance his sentence on the cocaine conviction and as an element of his marijuana offense; and (6) that at his preliminary hearing the state failed to establish the chain of custody of the cocaine base and therefore presented "[i]nsufficient evidence of possession of cocaine base." *Id.* at 9 (internal quotation marks omitted).

The district court rejected each of Mr. Armstrong's contentions and denied his application. First, the court held that the jury was properly instructed on two counts of resisting arrest because Mr. Armstrong committed two separate offenses by resisting two separate police officers. Second, it rejected his challenge to the exclusion of the videotape because he failed to show how such an exclusion rendered his trial fundamentally unfair. Third, the court held that Mr. Armstrong's counsel did not perform deficiently in failing to offer the videotape at Mr. Armstrong's suppression hearing because it was not made until several months later and the trial court refused to admit it on two later occasions when defense counsel proffered it. Fourth, the court held that Mr. Armstrong was properly convicted of separate cocaine-trafficking and marijuana-possession offenses because the two offenses were distinct and required the state to prove different facts. Fifth, the court held that Mr. Armstrong's improper-use-of-prior-convictions argument raised only an issue of state law inappropriate for federal habeas review. Finally, the court held that the insufficiency of the evidence at the preliminary hearing is not a federal-law ground for setting aside a conviction.

In requesting a COA from this court, Mr. Armstrong abandons all but his fourth claim. Although he couches the matter as raising two issues, his sole argument is that his convictions of two drug offenses constituted a violation of the prohibition against double jeopardy because the drugs supporting both his

cocaine and his marijuana convictions were packaged together in one container.

## II.    DISCUSSION

A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires "a demonstration that . . . includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). In other words, the applicant must show that the district court's resolution of the constitutional claim was either "debatable or wrong." *Id.*

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), provides that when a claim has been adjudicated on the merits in a state court, a federal court can grant habeas relief only if the applicant establishes that the state-court decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. 28 U.S.C. § 2254(d)(1), (2). As we have explained:

> Under the "contrary to" clause, we grant relief only if the state court arrives at a conclusion opposite to that reached by the Supreme Court

-4-

on a question of law or if the state court decides a case differently than the Court has on a set of materially indistinguishable facts.

*Gipson v. Jordan*, 376 F.3d 1193, 1196 (10th Cir. 2004) (brackets and internal quotation marks omitted). Relief is provided under the "unreasonable application" clause "only if the state court identifies the correct governing legal principle from the Supreme Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* (brackets and internal quotation marks omitted). Thus, a federal court may not issue a habeas writ simply because it concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. *See id.* Rather, that application must have been unreasonable. Therefore, for those of Mr. Armstrong's claims that the OCCA adjudicated on the merits, "AEDPA's deferential treatment of state court decisions must be incorporated into our consideration of [his] request for [a] COA." *Dockins v. Hines*, 374 F.3d 935, 938 (10th Cir. 2004).

In this case the OCCA addressed Mr. Armstrong's double-jeopardy argument and rejected it on its merits. Mr. Armstrong's brief to the OCCA had stated that the cocaine was found in a package in one of his shoes and the marijuana in a package in the other shoe. Hence, the OCCA said that "[t]he possession of the cocaine and marijuana were separate and distinct from each other as each drug was packaged separately and found in a different shoe worn by

Armstrong," and therefore his convictions did not violate the Double Jeopardy Clause. R., Vol. 1 at 144 & n.6.

The new assertion that Mr. Armstrong raises in seeking relief in federal court is that the cocaine and marijuana were packaged together in a single container. But this assertion is contrary to the position he took in his brief to the OCCA. *See id.* at 67. On the basis of the information before it, the OCCA held that Oklahoma law permitted Mr. Armstrong's prosecution, conviction, and sentence on both the cocaine and marijuana charges. Because state law treated the incident as involving two separate offenses, the Double Jeopardy Clause does not prohibit the state's punishment of Mr. Armstrong for both. *See Thomas v. Kerby*, 44 F.3d 884, 887 (10th Cir. 1995).

No reasonable jurist could debate whether Mr. Armstrong's application under § 2254 should have been resolved in a different manner.

## III. CONCLUSION

We DENY the application for a COA and DISMISS the appeal.

ENTERED FOR THE COURT

Harris L Hartz
Circuit Judge