FILED
United States Court of Appeals
Tenth Circuit

September 7, 2012

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ISHMAEL VARGAS,

           Petitioner - Appellant,

v.

DAVID MILLER, Warden,

           Respondent - Appellee.

No. 12-6083
(D.C. No. 5:11-CV-00554-R)
(W.D. Oklahoma)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**

Before **MURPHY**, **EBEL**, and **HARTZ**, Circuit Judges.

Applicant Ishmael Vargas, an Oklahoma prisoner, filed a pro se application

for relief under 28 U.S.C. § 2254 in the United States District Court for the

Western District of Oklahoma. The district court denied the application.

Applicant seeks a certificate of appealability (COA) from this court to appeal the

denial. *See* 28 U.S.C. § 2253(c)(1)(A) (requiring a COA to appeal the denial of a

§ 2254 application). We deny his application for a COA and dismiss the appeal.

**I.     BACKGROUND**

A jury convicted Applicant of first-degree murder, and he was sentenced to

life imprisonment without the possibility of parole. The Oklahoma Court of

Criminal Appeals (OCCA) affirmed his conviction and sentence on direct appeal.

He also sought state postconviction relief, but the state district court denied relief and the OCCA affirmed.

On May 16, 2011, Applicant filed his § 2254 application, raising eight claims: (1) that the evidence at trial was insufficient to prove all the elements of first-degree murder, (2) that he was denied a fair trial because the jury instructions and the prosecutor's arguments on voluntary intoxication did not state the applicable law, (3) that the admission of character evidence violated his right to due process and a fair trial under the United States and Oklahoma Constitutions, (4) that the prosecutor improperly appealed to the jury's sympathy for the victim, violating Applicant's right to due process under the United States and Oklahoma Constitutions, (5) that the trial court deprived him of a fair trial by defining, and allowing the prosecutor to argue, an incorrect concept of reasonable doubt, (6) that his trial counsel rendered constitutionally ineffective service in violation of the United States and Oklahoma Constitutions, (7) that cumulative error deprived him of due process under the United States and Oklahoma Constitutions, and (8) that his appellate counsel rendered constitutionally ineffective service in violation of the United States and Oklahoma Constitutions by failing to raise the seven above grounds for relief.

In a Supplemental Report and Recommendation (the R&R), the magistrate judge recommended that Applicant's claims be denied. Despite Applicant's

objections to the R&R, the district court adopted the R&R in its entirety and denied relief.

In this court Applicant argues that the district court (1) "misconstrued the facts and applied an erroneous conclusion of law," Aplt. Br. at 6 (capitalization omitted), (2) "failed to apply a liberal construction to [his] pleadings," *id.* at 7 (capitalization omitted), and (3) erred in denying him relief without granting or making reference to his request for an evidentiary hearing. He asks that we reverse his conviction and sentence or, in the alternative, remand his case to the district court for an evidentiary hearing.

## II.   DISCUSSION

A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires "a demonstration that . . . includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the [application] should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted).

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) provides that when a claim has been adjudicated on the merits in a state court, a federal court can grant habeas relief only if the applicant establishes that the state-court decision was "contrary to, or involved an unreasonable application of,

clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1), (2). "AEDPA's deferential treatment of state court decisions must be incorporated into our consideration of [Applicant's] request for [a] COA." *Dockins v. Hines*, 374 F.3d 935, 938 (10th Cir. 2004).

Applicant first argues that the district court misconstrued the facts and applied an erroneous conclusion of law. We disagree. The magistrate judge's R&R thoroughly and cogently explained why all of Applicant's claims should be denied. For each federal claim, the R&R identified the applicable Supreme Court law, summarized the OCCA's reasons for denying the claim, and correctly concluded that the OCCA's decision was neither contrary to nor involved an unreasonable application of federal law.

Applicant's next argument is that the district court did not liberally construe his pleadings. Although his application for a COA fails to point to any allegation in his pleadings that was not properly construed by the district court, it does reference his objections to the R&R, which contend that the magistrate judge failed to construe liberally his ineffective-assistance-of-appellate-counsel claim. But the district court correctly discerned no error in this regard, and, more importantly, correctly ruled that the ineffectiveness claim has no merit.

Finally, Applicant argues that the district court erred by denying relief without conducting an evidentiary hearing. But such a hearing was unnecessary to resolve Applicant's claims. The court's dismissal of the claims implicitly rejected any request for an evidentiary hearing, although we note that Applicant's § 2254 application does not appear to make such a request.

## III. CONCLUSION

No reasonable jurist could debate the correctness of the district court's resolution of Applicant's claims. We DENY the application for a COA and DISMISS the appeal. We GRANT the motion to proceed *in forma pauperis*.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge