**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 29 2004**

**PATRICK FISHER**
**Clerk**

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

VERNICE L. DOCKINS,

        Petitioner - Appellant,

v.

REGINALD HINES, Warden and
STATE OF OKLAHOMA,

        Respondents - Appellees.

No. 04-6030

---

**Appeal from the United States District Court**
**for the Western District of Oklahoma**
**(D.C. No. CIV-03-1132-F)**

---

Submitted on the briefs:[*]

Vernice Dockins, Lexington, Oklahoma, *pro se*

---

Before **EBEL, MURPHY** and **McCONNELL**, Circuit Judges.

---

**EBEL**, Circuit Judge.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case therefore is ordered submitted without oral argument.

Petitioner Vernice L. Dockins ("Petitioner") was convicted in Oklahoma state court of Second Degree Burglary and Possession of Drug Paraphernalia, for which he was sentenced to thirty-eight years' imprisonment and one year and a $1,000 fine, respectively. Petitioner appealed his conviction to the Oklahoma Court of Criminal Appeals (OCCA), asserting claims based on flaws in the jury instructions at his trial, insufficiency of evidence, improper sentencing, and ineffective assistance of counsel. The OCCA affirmed his conviction in a summary opinion, and Petitioner sought a writ of habeas corpus from the federal district court pursuant to 28 U.S.C. § 2254, on substantially the same bases raised in his state direct appeal.

The district court for the Western District of Oklahoma denied habeas relief and denied Petitioner's request for a Certificate of Appealability (COA). Petitioner now appears *pro se* seeking to appeal to this court, and renews his request for COA on all four claims presented to the district court. We DENY COA and DISMISS his appeal for the reasons set forth below.

**Discussion**

Standard of Review

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make the necessary substantial showing, "a petitioner must show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 335 (2003) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)) (internal quotation marks omitted).

Where, as here, the Petitioner's federal habeas claims were adjudicated on the merits in state court proceedings, Congress has instructed that we may grant habeas relief only where the state court decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court..." or was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

Some commentaries discussing the Supreme Court's decision in Miller-El v. Cockrell have argued that the Court left open the question of whether the

federal courts should incorporate § 2254's strong deference for state court decisions—which govern our decisions on the merits of habeas claims—into our preliminary evaluation of a petitioner's request for COA. See Supreme Court, 2002 Term–Leading Cases: Federal Jurisdiction and Procedure, 117 Harv. L. Rev. 380, 386-88 (2003). Under one of two possible interpretations, a habeas petitioner may obtain a COA if reasonable jurists could debate whether the petitioner's constitutional rights had been violated. Under the other approach, COA may be granted only if reasonable jurists could debate whether the petitioner might be eligible for habeas relief—i.e., in a case governed by § 2254(d), whether the state court's decision on the merits of the petitioner's constitutional claim was unreasonable or ran contrary to clearly established federal law.

Justice Scalia's concurrence in Miller-El characterized the majority opinion as concluding that AEDPA deference is required for COA decisions. "A circuit justice or judge must deny a COA, even when the habeas petitioner has made a substantial showing that his constitutional rights were violated, if all reasonable jurists would conclude that a substantive provision of the federal habeas statute bars relief." Miller-El, 537 U.S. at 349-350 (Scalia, J., concurring). While the majority opinion was less explicit on this point, we find little reason to doubt that Justice Scalia's interpretation of Miller-El was correct. The majority's discussion

of the COA standard begins with the clear statement that our COA decision is to be based on a review of the district court's application of AEDPA:

> The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits. We look to the District Court's application of AEDPA to petitioner's constitutional claims and ask whether that resolution was debatable amongst jurists of reason.

Id. at 336. Later, in the course of emphasizing that COA is to be granted if the applicant's claims are merely debatable, the Court expressly incorporated § 2254 deference into the COA calculus: "At [the COA] stage, however, we only ask whether the District Court's application of AEDPA deference, as stated in §§ 2254(d)(2) and (e)(1), to petitioner's Batson claim was debatable amongst jurists of reason." Id. at 341.

There are, moreover, strong policy reasons for incorporating AEDPA deference into COA decisions. Were we to grant COA for all petitioners who could present at least debatable claims that their constitutional rights were violated, we would permit appeals in cases where AEDPA's deference requirements render the petitioner plainly ineligible for habeas relief, thereby significantly undercutting the basic purpose of the COA procedure established by Congress. We fail to see, furthermore, how the practical futility of such an exercise would be meaningfully offset by the opportunities a looser COA standard would present for us to comment on cases in which we conclude the state courts

decided a habeas petitioner's constitutional claims wrongly but not unreasonably. Any such statements of constitutional principles would surely be dicta, and the idea that federal courts ought to be in the business of ineffectually chastising our colleagues on the state bench runs directly counter to the principles of comity deeply embedded in our federal judicial system.

None of this Circuit's cases to date have taken a position on this question. Since the choice between these competing formulations of the COA test will determine whether Petitioner may proceed with the appeal of his sufficiency of evidence claim, however, we now reach this issue and hold that AEDPA's deferential treatment of state court decisions must be incorporated into our consideration of a habeas petitioner's request for COA.[1]

---

[1] Our holding also appears to be in accord with the Fifth Circuit. See Medellin v. Dretke, — F.3d —, No. 03-20678, 2004 WL 1119647, at *2 (5th Cir. May 20, 2004) ("At the COA stage, however, we only ask whether the District Court's application of AEDPA deference ... to a claim was debatable amongst jurists of reason.") (internal quotations omitted). But see Cotton v. Cockrell, 343 F.3d 746, 750-52 (5th Cir. 2003) (granting COA on the basis that "[r]easonable jurists could debate whether a constitutional violation occurred"). While no Circuit has expressly adopted a contrary rule, the Fourth Circuit appears to have applied the looser COA test in Rowsey v. Lee, 327 F.3d 335, 340-41 (4th Cir. 2003) (quoting Miller-El but formulating the COA test as whether "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," and granting COA while apparently reserving application of AEDPA deference for the evaluation of petitioner's claim on the merits).

Analysis of the Merits of Petitioner's COA Application

  *1. Inadequate jury instructions*

  Petitioner's first claim for habeas relief asserts that the trial court improperly refused defense counsel's request for a jury instruction on the lesser included offense of breaking and entering without permission.[2] This failure, according to Petitioner, denied him his Fourteenth and Sixth Amendment rights. The Supreme Court has never recognized a federal constitutional right to a lesser included offense instruction in non-capital cases, see Beck v. Alabama, 447 U.S. 625, 638 n.14 (1980), and neither has this court. Our precedents establish a rule of "automatic non-reviewability" for claims based on a state court's failure, in a non-capital case, to give a lesser included offense instruction. Chavez v. Kerby, 848 F.2d 1101, 1103 (10th Cir. 1988). Petitioner therefore cannot raise a debatable claim that he is entitled to habeas relief on this ground.

  Petitioner also claims that the trial court committed plain error in failing to instruct the jury *sua sponte* on the definition of "intent to steal." This issue was

---

  [2]The elements of second degree burglary in Oklahoma are: (1) breaking; (2) entering; (3) a building; (4) in which property is kept; (5) with the intent to steal or commit any felony. Okla. Stat. tit. 21, § 1435 (2004). The elements of breaking and entering without permission are: (1) willfully; (2) intentionally; (3) breaking; (4) entering; (5) a building; (6) without the permission of its owner; (7) without the intent to commit any crime in the building. Id. § 1438(B). Defense counsel had argued to the trial judge that the absence of prosecution evidence of Petitioner's intent to steal required the lesser included offense instruction be given to the jury. The trial court disagreed, and the OCCA affirmed.

presented to the Oklahoma state courts only as a state law claim, with no allusion to any federal rights that might have been violated. Petitioner appears not to have properly exhausted this federal claim, but the district court did not rule on those procedural grounds. A brief look at the merits of this claim nevertheless convinces us that we may not grant COA. Claims of erroneous jury instructions can justify setting aside a state conviction on habeas review only if "the errors had the effect of rendering the trial so fundamentally unfair as to cause a denial of a fair trial in the constitutional sense, or is otherwise constitutionally objectionable as, for example, by transgressing the constitutionally rooted presumption of innocence." Brinlee v. Crisp, 608 F.2d 839, 854 (10th Cir. 1979) (internal citations omitted). Leaving the definition of "intent to steal" to the common sense of the jury did not render Petitioner's trial fundamentally unfair, and we DENY COA on his entire first claim for habeas relief.

### 2. Sufficiency of the evidence

Petitioner's second claim for relief asserts that the evidence introduced at trial was insufficient to establish that he had participated in the "breaking" into the victim's house or that he had the requisite "intent to steal" to sustain a conviction on Second Degree Burglary under Oklahoma law. When reviewing the sufficiency of the evidence in a habeas corpus action "the relevant question is

- 8 -

whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979) (emphasis omitted). This standard of review respects the jury's responsibility to weigh the evidence and to draw reasonable inferences from the testimony presented at trial. Id. The Oklahoma courts rejected Petitioner's claim of insufficient evidence on its merits, and we therefore incorporate the deference for state court decisions called for by AEDPA in evaluating Petitioner's request for COA.

Under 28 U.S.C. § 2254(d), a petitioner cannot obtain habeas relief unless the state court's legal conclusions are "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court...," 28 U.S.C. § 2254(d)(1), or the state court's factual conclusions are "based on an unreasonable determination of the facts in light of the evidence presented...," id. § 2254(d)(2). This court, however, has never clearly settled whether we treat sufficiency of evidence issues on habeas review as a question of law or a question of fact. See Moore v. Gibson, 195 F.3d 1152 1176-77 (10th Cir. 1999) (summarizing the split in the case law). See also Torres v. Mullin, 317 F.3d 1145, 1151 (10th Cir. 2003) (acknowledging the continuing debate). As in

many of our recent cases, however, we need not decide this question here because Petitioner is not entitled to habeas relief under either standard.

The evidence presented at trial was that Petitioner was found in a house that had been broken into approximately four minutes before the police arrived to investigate, and that Petitioner was apprehended as he attempted to flee out the broken glass window in the back door of the victim's home. None of the evidence presented at trial indicated, as Petitioner now claims, that he was invited to join strangers who had already broken into the home while Petitioner walked the streets in search of warmth and shelter. Given Oklahoma law on "aiding and abetting" in the commission of crime, the prosecution needed to prove only that either Petitioner or his companion committed the actual "breaking," and we find no room for reasonable debate as to whether the evidence at trial was sufficient for a rational juror to be convinced of that fact beyond a reasonable doubt.

The state's evidence of Petitioner's "intent to steal" was admittedly much thinner. The prosecution's argument on this point focused on two facts—that Petitioner attempted to flee from the police and that he and his accomplice apparently gained entry to the victim's home by smashing a window in the rear of the house. Whether the evidence—and any reasonable inferences that might be drawn from it—was sufficient to convince a rational juror beyond a reasonable doubt that Petitioner had the requisite intent to steal is a close question. Absent

- 10 -

the deference for state court judgments we apply under AEDPA, we would readily concede that reasonable jurists could debate whether the OCCA's decision was *incorrect*. Since we incorporate AEDPA deference into our COA analysis, however, Petitioner cannot obtain a COA unless we find that reasonable jurists could debate whether the Oklahoma court's decision was not merely wrong but *unreasonable*, either as a determination of fact or as an application of clearly established federal law. Where the sufficiency of the evidence is as close a question as it is in this case, we cannot conclude that the reasonableness of the OCCA's judgment is fairly debatable, and we therefore DENY COA on Petitioner's sufficiency of the evidence claims.

### 3. Retroactive application of revised sentencing and ineffective assistance of counsel

We DENY COA on Petitioner's third and fourth claims for relief for substantially the reasons given in the Magistrate Judge's Report and adopted by the district court in rejecting Petitioner's claims on their merits. Petitioner identifies what he claims is a conflict in Oklahoma state law on whether he is entitled to retroactive application of lighter state sentencing rules adopted after he committed the crimes for which he was convicted. Federal habeas courts will not, however, review issues of purely state law, Estelle v. McGuire, 502 U.S. 62, 67-68 (1991), and, as the Magistrate Judge noted, we have repeatedly refused to find

a federal constitutional right to retroactive application of the more lenient sentencing rules from which Petitioner seeks to benefit.

Petitioner's ineffective assistance claim asserts that his trial counsel's performance was constitutionally deficient for failing to request redaction of the documents presented to the jury to prove Petitioner's prior criminal history. Specifically, he complains that those documents revealed the length of his prior sentences, the nature of prior plea agreements, charges dropped, suspended sentences, and the like, and that this information harmed him by inciting the jury to punish him more severely. We see no room for reasonable debate with the district court's conclusion that Petitioner has failed to show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," Strickland v. Washington, 466 U.S. 668, 694 (1984) (defining the "prejudice" required for finding ineffective assistance), and we therefore DENY COA on his ineffective assistance claim.

### 4. Inadequate prison law library

Finally, we note that Petitioner's application for COA before us has added a claim not presented to the district court, asserting that the collections of the prison law library at his place of incarceration is badly out of date and incomplete in critical areas. This deficiency, Petitioner claims, violates Oklahoma's own

policy on provision of legal materials to inmates and denies him meaningful access to the courts. Because this claim was not presented to the district court, we decline to consider it on appeal and, accordingly, DISMISS that claim.

## Conclusion

In sum, we DENY Petitioner's application for COA and DISMISS his claims for habeas relief based on inadequate jury instructions, sufficiency of the evidence, application of state sentencing rules, and ineffective assistance of counsel. We also DISMISS his claim that the law library at his place of incarceration is constitutionally inadequate as not properly before us. Petitioner's motion to proceed IFP is GRANTED, and his motion for appointment of counsel is DENIED as moot.