**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 29 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

LAURA LONG,

     Petitioner-Appellant,

v.

STATE OF OKLAHOMA,

     Respondent-Appellee.

No. 04-6117

(D.C. No. CIV-03-184-W)
(W. D. Okla.)

**ORDER**

Before **BRISCOE, LUCERO,** and **MURPHY** , Circuit Judges.

Laura K. Long, an Oklahoma state prisoner proceeding pro se, requests a

certificate of appealability ("COA") to appeal the district court's denial of her 28

U.S.C. § 2254 habeas petition. We DENY a COA and DISMISS.

Following a jury trial in the District Court of Oklahoma County, Ms. Long

was convicted of larceny of merchandise from a retailer after a former felony

conviction and was sentenced to twenty years of imprisonment. She filed a direct

appeal raising a single proposition of error concerning the trial court's

supplement to a jury instruction in response to a question from the jury. The

Oklahoma Court of Criminal Appeals ("OCCA") affirmed Ms. Long's conviction

and sentence. Ms. Long then filed a post-conviction application, which the state district court denied. Her appeal of the district court's ruling was dismissed by the OCCA for failure to timely appeal and for failure to attach the state district court's order denying the application.

On February 1, 2003, Ms. Long filed a petition for habeas pursuant to 28 U.S.C. § 2254 in the Western District of Oklahoma, in which she raised eight claims for relief. In claims one and four, she raised the same issue as on direct appeal — that the trial court improperly instructed the jury by removing the government's burden of proof on an essential element of the offense. In claims two, three, five and seven, Ms. Long alleged that her trial and appellate counsel provided ineffective assistance. In claim six, Ms. Long challenged the trial court's failure to hold an evidentiary hearing on her post-conviction ineffective assistance claim. In claim eight, she alleged that she had been denied meaningful access to the courts.

On February 9, 2004, Magistrate Judge Bana Roberts issued a detailed Report and Recommendation determining that: Ms. Long was not entitled to habeas relief on claims one and four; claims two, three, five and seven were procedurally barred; claim six was unexhausted, would be procedurally barred in state court and failed to raise a cognizable federal claim; and, claim eight was not a cognizable habeas claim and should have been brought pursuant to 42 U.S.C. §

1983. On March 31, 2004, the district court adopted the magistrate judge's recommendation and dismissed Ms. Long's petition. Ms. Long now appeals and seeks a COA. On appeal, she makes two broad arguments: the district court erred in its determination that the jury instructions did not violate her right to due process and it erred in determining that she was not entitled to an evidentiary hearing on the issue of whether she could show cause for her procedural default.

Ms. Long's petition was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), and so AEDPA's provisions apply to this case. See Rogers v. Gibson, 173 F.3d 1278, 1282 n.1 (10th Cir.1999). AEDPA conditions a petitioner's right to appeal a denial of habeas relief under § 2254 upon a grant of a COA. 28 U.S.C. § 2253(c)(1)(A). A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." § 2253(c)(2). To make the necessary substantial showing, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (internal quotation omitted). This court has further clarified that AEDPA's deferential treatment of state court decisions must be incorporated into our consideration of a habeas petitioner's request for a COA. See Dockins v. Hines, 374 F.3d 935, 938

(10th Cir. 2004). This requires Ms. Long to demonstrate that reasonable jurists could debate whether she might be eligible for habeas relief. Id. In other words, she must show reasonable jurists could debate the district court's determination that the OCCA's decision was not "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court ..." and was not "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

A brief look at the merits of Ms. Long's claim convinces us that a COA should not issue here. Claims of erroneous jury instructions can justify setting aside a state conviction on habeas review only if "the errors had the effect of rendering the trial so fundamentally unfair as to cause a denial of a fair trial in the constitutional sense, or is otherwise constitutionally objectionable as, for example, by transgressing the constitutionally rooted presumption of innocence." Brinlee v. Crisp, 608 F.2d 839, 854 (10th Cir.1979) (internal citations omitted). The OCCA addressed the allegedly improper instruction and affirmed Ms. Long's conviction and sentence in a summary opinion. It determined that no objection was made to the trial court's answer to the jury's question regarding the element of "carrying away" and that no plain error (and therefore no constitutional error) occurred. In turn, after a thorough review, the magistrate judge concluded that

4

Ms. Long had failed "to show that the trial court's response to the jury's question was erroneous much less that it rendered her trial fundamentally unfair." R & R at 8. The district court adopted this conclusion, determining that the OCCA's decision was not contrary to, or an unreasonable application of, clearly established federal law as determined by the United States Supreme Court. 28 U.S.C. § 2254(d)(1). After reviewing the record, as well as the magistrate judge's report and recommendation and district court's order, we conclude that reasonable jurists would not debate Ms. Long's eligibility for habeas relief.

Ms. Long's second claim — that the district court erred in determining that she was not entitled to an evidentiary hearing on the issue of whether she could show cause for procedurally defaulting — is essentially an amalgam of the sixth and eighth claims in her petition. Although she does not appeal the district court's determination that her ineffective assistance claims are procedurally barred, she argues that the district court should have granted her an evidentiary hearing to determine whether "cause and prejudice" existed, which would excuse her procedural default. She also argues that the "cause" of her default on her ineffective assistance claims was inadequate inmate legal assistance by the inmate law clerks. We need not address these arguments, however, because even if she could show cause for procedurally defaulting her ineffective assistance claims, she cannot show prejudice. Her ineffective assistance claims are all based on her

trial counsel's failure to object to the trial court's answer to the jury's question. We have, however, already concluded that reasonable jurists would not debate Ms. Long's eligibility for habeas relief based on any error in the trial court's instructions to the jury.

We therefore DENY a COA on all claims for habeas relief and DISMISS this appeal. Given our disposition, petitioner's motion for appointment of counsel and all other pending motions are denied.

Entered for the Court


Mary Beck Briscoe
Circuit Judge