**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 27, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

DELBERT LENARD JOHNSON,

      Petitioner - Appellant,

v.

ROBERT B. EZELL, Warden,

      Respondent - Appellee.

No. 12-6058
(D.C. No. 5:11-CV-00379-C)
(W.D. Okla.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **LUCERO**, **O'BRIEN,** and **MATHESON**, Circuit Judges.

      Delbert Lenard Johnson, an Oklahoma state prisoner proceeding pro se,[1] seeks a

certificate of appealability ("COA") to challenge the district court's denial of his 28

U.S.C. § 2254 petition for writ of habeas corpus. We deny his request for a COA and

---

      [*] This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

      [1] Because Mr. Johnson is proceeding pro se, we construe his pleadings liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *see also United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009) ("[W]e must construe a [pro se litigant's] arguments liberally; this rule of liberal construction stops, however, at the point at which we begin to serve as his advocate.").

dismiss this matter.

Mr. Johnson was convicted of first degree robbery in state court and sentenced to 20 years in prison. He appealed his conviction to the Oklahoma Court of Criminal Appeals ("OCCA"). Among other things, he argued that the five-year and six-month delay between his arrest and trial violated his Sixth Amendment right to a speedy trial.[2] The OCCA rejected all of Mr. Johnson's arguments on appeal.

As to his speedy trial argument, the OCCA weighed the four factors from *Barker v. Wingo*, 407 U.S. 514, 530 (1972)—(1) length of delay, (2) reason for the delay, (3) defendant's assertion of his right to a speedy trial, and (4) prejudice to the defendant. It concluded that the length of delay weighed in favor of Mr. Johnson but that the other three factors weighed against him. According to the OCCA, the second factor weighed against Mr. Johnson because many of the more significant delays were due to his numerous failures to appear, failure to procure new counsel when instructed to do so, and exercise of certain legitimate appellate rights. Although Mr. Johnson repeatedly demanded the right to a speedy trial, the OCCA held that the third factor weighed slightly against him. It explained that his actions were not consistent with his demands for a speedy trial. He repeatedly delayed proceedings by firing his attorneys, failing to secure new counsel, and failing to appear. Finally, the OCCA determined that the fourth factor weighed against Mr. Johnson because his defense was not impaired by the passage of

_____

[2] Mr. Johnson was arrested on December 7, 2002. His trial began on June 23, 2008.

time and his lengthy pre-trial incarceration was due largely to his own actions. Balancing these factors, the OCCA determined that the delay did not violate Mr. Johnson's right to a speedy trial.

Mr. Johnson filed a 28 U.S.C. § 2254 petition for writ of habeas corpus in the Western District of Oklahoma on April 6, 2011. He again argued, among other things, that the delay violated his Sixth Amendment right to a speedy trial. The district court adopted the magistrate judge's report and recommendation and denied Mr. Johnson's petition for habeas corpus.

Mr. Johnson filed a timely notice of appeal and a request for a COA to challenge the district court's denial of his § 2254 petition on the speedy trial issue. He also filed a motion to proceed *in forma pauperis*.

The granting of a COA is a jurisdictional prerequisite to an appeal from the district court's denial of a § 2254 petition. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). To receive a COA, a petitioner must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this showing, a petitioner must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotations omitted).

Under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), when the state court has adjudicated the merits of a petitioner's federal habeas claim, we may grant

-3-

a writ of habeas corpus only if the state court decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court" or was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). Thus, in determining whether to issue a COA, we must ask whether the district court correctly applied AEDPA deference in evaluating the state court ruling. *See Dockins v. Hines*, 374 F.3d 935, 938 (10th Cir. 2004) ("AEDPA's deferential treatment of state court decisions must be incorporated into our consideration of a habeas petitioner's request for COA."). We are required to "look to the District Court's application of AEDPA to petitioner's constitutional claims and ask whether that resolution was debatable among jurists of reason." *Miller-El*, 537 U.S. at 336.

In his application for a COA, Mr. Johnson again argues that the nearly six-year delay between his arrest and trial violated his Sixth Amendment right to a speedy trial. Specifically, Mr. Johnson argues that the length of the delay was presumptively prejudicial and negated the requirement that he show actual prejudice. He also appears to argue that much of the delay should be attributable to the State. But we have expressly declined to hold that a delay attributable to the prosecution of less than six years is presumptively prejudicial and we have held that this position is not contrary to clearly established Supreme Court precedent. *See Jackson v. Ray*, 390 F.3d 1254, 1264 & n.4 (10th Cir. 2004). Further, Mr. Johnson has made no showing as to why much of the delay was attributable to the State rather than his own behavior. Therefore, after

reviewing the relevant portions of the record and the relevant federal law, we conclude that the district court's denial of Mr. Johnson's petition on the speedy trial issue is not debatable.

We deny Mr. Johnson's application for COA and dismiss this matter. We also deny his motion to proceed *in forma pauperis*.

ENTERED FOR THE COURT


Scott M. Matheson, Jr.
Circuit Judge