FILED
United States Court of Appeals
Tenth Circuit

December 18, 2012

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

MERLE RAMONE,

        Petitioner - Appellant,

    v.

ERASMO BRAVO, Warden;
ATTORNEY GENERAL OF THE
STATE OF NEW MEXICO,

        Respondents - Appellees.

No. 12-2131

(D. New Mexico)

(D.C. No. 1:11-CV-00818-JCH-SMV)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**

---

Before **MURPHY**, **ANDERSON**, and **HARTZ**, Circuit Judges.

Defendant Merle Ramone, a New Mexico prisoner, applied for relief under

28 U.S.C. § 2254 in the United States District Court for the District of New

Mexico. The district court denied his application. Defendant now seeks a

certificate of appealability (COA) from this court to allow him to appeal the

district court's decision. *See* 28 U.S.C. § 2253(c)(1)(A) (requiring COA to appeal

denial of § 2254 relief). We deny the application for a COA and dismiss the

appeal.

In 2003 Defendant was convicted in state court on two counts of first-

degree murder; five counts of armed robbery, attempted armed robbery, and

conspiracy to commit armed robbery; four counts of assault; and one count of

resisting an officer. He was sentenced to two consecutive life terms plus a day less than 29 years.

About a week before trial his counsel prepared a witness list, which included an expert witness who allegedly would have testified that Defendant's blood-alcohol level at the time of the crimes was so high that he may not have been capable of forming the specific intent to commit the crimes. Under NMRA Rule 5-062(F), if a defendant wishes to call an expert witness to testify that he could not form specific intent, he must notify the prosecution within 20 days of his arraignment unless good cause for delay is shown. Defendant, however, did not notify the prosecution of his intent to call the expert until almost two years after his arraignment. The trial court granted the prosecution's motion in limine to exclude the testimony. When Defendant later requested that the expert be permitted to testify to Defendant's blood-alcohol level at the time of his offenses, the prosecutor additionally objected that the expert was not qualified to testify to the matter. The court denied the request to allow the testimony.

Defendant presented other evidence at trial of his intoxicated state while committing his crimes—his own testimony and eyewitness testimony. At Defendant's request the trial court gave an instruction on the relationship between intoxication and specific intent.

Defendant filed for habeas corpus relief in state district court, contending, among other things, that he had been deprived of constitutionally effective

assistance of trial counsel because his attorney's late disclosure of the expert witness had prevented him from substantiating his intoxication defense. The court denied relief. It held that Defendant had failed to show that his trial counsel's late disclosure constituted deficient performance, because it could have been part of a reasonable strategic decision to focus on a theory that Defendant was not the perpetrator. And it ruled that exclusion of the expert's testimony did not affect the outcome of the trial, because "Defendant was permitted to present evidence to the jury of a diminished capacity defense based on intoxication[;] [t]he jury was given instructions on intoxication as related to specific intent crime [sic] and was instructed that intoxication could keep [Defendant] from being able to form the specific intent to commit" some of the crimes charged; and there was "overwhelming evidence against [Defendant], including evidence that he did not appear so intoxicated as not to be able to form specific intent." R., pt. 1 at 60. The New Mexico Supreme Court declined review of the denial of the habeas petition.

Defendant then filed his § 2254 application on the ineffective-assistance claim. (He also raised a double-jeopardy claim and a claim based on alleged errors in the jury instructions, but he dismissed both claims voluntarily for failure to exhaust.) The district court adopted the magistrate judge's proposed findings and recommended disposition that Defendant had failed to overcome the

deference due the state court's rulings that Defendant had shown neither deficient performance nor prejudice.

A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires "a demonstration that . . . includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). In other words, the applicant must show that the district court's resolution of the constitutional claim was either "debatable or wrong." *Id.*

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) provides that when a claim has been adjudicated on the merits in a state court, a federal court can grant habeas relief only if the applicant establishes that the state-court decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). "AEDPA's deferential treatment of state court decisions must be incorporated into our consideration of [Defendant's] request for [a] COA." *Dockins v. Hines*, 374 F.3d 935, 938 (10th Cir. 2004).

To establish a claim of ineffective assistance of counsel, Defendant first had the burden of overcoming "a strong presumption that counsel's conduct falls

within the wide range of reasonable professional assistance," *Strickland v. Washington*, 466 U.S. 668, 689 (1984), by demonstrating that his counsel's performance fell below "an objective standard of reasonableness," *id*. at 688. Second, Defendant had to demonstrate "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id* at 694. We have discretion to consider the performance and prejudice prongs in either order, and if Defendant fails to meet his burden on one prong, we need not consider the other. *See id.* at 697.

The district court appropriately deferred to the state court's holding that Defendant had failed to show that his defense was prejudiced by the exclusion of the expert witness. Because reasonable jurists could not debate the correctness of the district court's ruling, we DENY the application for a COA and DISMISS the appeal.

ENTERED FOR THE COURT

Harris L Hartz
Circuit Judge