**UNITED STATES COURT OF APPEALS**

**October 1, 2014**

**TENTH CIRCUIT**

JOSHUA CLIFTON JOHNSON,

    Petitioner - Appellant,

v.

EDWARD EVANS, Interim Director,

    Respondent,

and

JIM FARRIS, Warden,

    Respondent - Appellee.

No. 14-6093
(W.D. Oklahoma)
(D.C. No. 5:12-CV-01353-M)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**

---

Before **HARTZ**, **McKAY**, and **MATHESON**, Circuit Judges.

---

Joshua Clifton Johnson seeks a certificate of appealability (COA) to appeal the district court's denial of his application under 28 U.S.C. § 2254. *See* 28 U.S.C. § 2253(c)(1)(A) (requiring a COA to appeal denial of a § 2254 application). We deny a COA and dismiss the appeal.

Mr. Johnson was convicted by a jury in Oklahoma state court of first-degree robbery and sentenced to 20 years' imprisonment. The Oklahoma Court of Criminal Appeals (OCCA) affirmed his conviction. Mr. Johnson then filed an application for relief under 28 U.S.C. § 2254 in the United States District Court for the Western District of Oklahoma. The application raised the following claims for relief: (1) the evidence at trial was insufficient to support the guilty verdict; (2) trial counsel was ineffective in failing to object to the prosecution's motion in limine to prevent impeachment of a witness; (3) the trial court failed to give lesser-offense instructions in violation of Mr. Johnson's due-process rights; and (4) the cumulative effect of trial errors deprived Mr. Johnson of a fair trial. The magistrate judge issued a report and recommendation to reject these claims. The district court adopted the recommendation and denied the application.

A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires "a demonstration that . . . includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). In other words, the applicant must show that the district court's resolution of the constitutional claim was either "debatable or wrong." *Id.*

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), provides that when a claim has been adjudicated on the merits in a state court, a federal court can grant habeas relief only if the applicant establishes that the state-court decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1),(2). As we have explained:

> Under the "contrary to" clause, we grant relief only if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Court has on a set of materially indistinguishable facts.

*Gipson v. Jordan*, 376 F.3d 1193, 1196 (10th Cir. 2004) (brackets and internal quotation marks omitted). Relief is provided under the "unreasonable application" clause "only if the state court identifies the correct governing legal principle from the Supreme Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* (brackets and internal quotation marks omitted). Thus, a federal court may not issue a habeas writ simply because it concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. *See id.* Rather, that application must have been unreasonable. "AEDPA's deferential treatment of state court decisions must be incorporated into our consideration of a habeas petitioner's request for [a] COA." *Dockins v. Hines*, 374 F.3d 935, 938 (10th Cir. 2004) (footnote omitted). None of the grounds raised by Mr. Johnson satisfies these standards.

3

First, Mr. Johnson asserts a due-process violation because the evidence at trial was insufficient to support his conviction of first-degree robbery. In reviewing the sufficiency of evidence to support a conviction, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia,* 443 U.S. 307, 319 (1979). In Oklahoma an individual commits robbery in the first degree if during the robbery he "threatens a person with immediate serious bodily injury," "intentionally puts a person in fear of immediate serious bodily injury," or "commits or threatens to commit a felony upon the person." Okla. Stat. tit. 21, § 797 (2001). Mr. Johnson argues that there was no evidence that he intentionally put a person in fear of immediate serious bodily harm. We disagree. Mr. Johnson testified at trial that he entered a Walgreens store seeking Lortab, a prescription narcotic pain medication, and told the pharmacist behind the counter, "Give me all your Lortab and no one will get hurt." Aplt. Br. at 8 (internal quotation marks omitted). A rational juror could infer that implicit in the demand is the threat that the pharmacist would be seriously injured if she did not comply. The OCCA held that the evidence sufficed; and Mr. Johnson has not pointed to any Supreme Court decision that would preclude that holding. The OCCA's decision was undebatably not an unreasonable application of clearly established Supreme Court law. *See Anderson-Bey v. Zavaras*, 641 F.3d 445, 448–51 (10th Cir. 2011).

4

Mr. Johnson also argues that the trial court violated his due-process rights in failing to instruct the jury on the lesser crimes of larceny and grand larceny in the nighttime. But the Supreme Court has not recognized a constitutional right to a lesser-included-offense instruction in a noncapital case. *See Johnson v. Keith*, 726 F.3d 1134, 1135 n.2 (10th Cir. 2013). After all, the jury found beyond a reasonable doubt that Mr. Johnson committed first-degree robbery, and the Supreme Court has never suggested that the special due-process considerations applicable in capital cases, *see Beck v. Alabama*, 447 U.S. 625 (1980), require lesser-included instructions in other circumstances, even when required by state law. The district court's rejection of this claim is not debatable.

Finally, Mr. Johnson claims that cumulative errors deprived him of a fundamentally fair trial. "In the federal habeas context, a cumulative-error analysis aggregates all constitutional errors found to be harmless and analyzes whether their cumulative effect on the outcome of the trial is such that collectively they can no longer be determined to be harmless." *Alverson v. Workman*, 595 F.3d 1142, 1162 (10th Cir. 2010) (brackets and internal quotation marks omitted). The OCCA did not find any constitutional errors. The district court correctly determined that this was not an unreasonable application of clearly established federal law. Hence, the cumulative-error doctrine does not apply. *See Hooks v. Workman*, 689 F.3d 1148, 1195 (10th Cir. 2012) (cumulative-error analysis does not apply "to the cumulative effect of non-errors" (internal quotation marks omitted)).

5

We DENY the application for a COA and DISMISS the appeal.

ENTERED FOR THE COURT

Harris L Hartz
Circuit Judge