**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 28, 2018**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

BOBBY MANESS,

      Petitioner - Appellant,

v.

JOE M. ALLBAUGH, Director, Oklahoma
Department of Corrections,

      Respondent - Appellee.

No. 18-6011
(D.C. No. 5:15-CV-01108-D)
(W.D. Okla.)

_____

**ORDER DENYING A CERTIFICATE OF APPEALABILITY**
_____

Before **LUCERO**, **HARTZ**, and **McHUGH**, Circuit Judges.
_____

Applicant Bobby Maness is serving a 15-year sentence in Oklahoma for second-degree rape. The Oklahoma Court of Criminal Appeals affirmed his conviction. He then applied for relief under 28 U.S.C. § 2254 in the United States District Court for the Western District of Oklahoma, which rejected his claims. Now he seeks a certificate of appealability (COA) to appeal the denial of relief by the district court. *See* 28 U.S.C. § 2253(c)(1)(A) (requiring COA to appeal final order in habeas proceeding challenging state-court detention). We decline to grant a COA and dismiss the appeal.

**I. STANDARD OF REVIEW**

A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires "a

demonstration that . . . includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted).  In other words, the applicant must show that the district court's resolution of the constitutional claim was either "debatable or wrong." *Id.*

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), provides that when a claim has been adjudicated on the merits in a state court, a federal court can grant habeas relief only if the applicant establishes that the state-court decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding."  28 U.S.C. § 2254(d)(1), (2).  As we have explained:

> Under the "contrary to" clause, we grant relief only if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the [Supreme] Court has on a set of materially indistinguishable facts.

*Gipson v. Jordan*, 376 F.3d 1193, 1196 (10th Cir. 2004) (brackets and internal quotation marks omitted).  Relief is provided under the "unreasonable application" clause only if the state court identifies the correct governing legal principle from the Supreme Court's decisions but unreasonably applies that principle to the facts of the prisoner's case. *Id.* (internal quotation marks omitted).  Thus, a federal court may not issue a habeas writ simply because it concludes in its independent judgment that the relevant state-court

2

decision applied clearly established federal law erroneously or incorrectly. *See id.* Rather, that application must have been unreasonable. Of course, "AEDPA's deferential treatment of state court decisions must be incorporated into our consideration of a habeas petitioner's request for COA." *Dockins v. Hines*, 374 F.3d 935, 938 (10th Cir. 2004).

## II. ANALYSIS

### A. Sufficiency of the Evidence

Applicant challenges the sufficiency of the evidence to support his conviction on two grounds. First, he claims that the acts at issue were consensual and the State failed to prove otherwise. Second, he argues that the "testimony was inconsistent and contradictory and uncorroborated, and therefore unreliable, under the beyond a reasonable doubt standard." Aplt. Br. at 4

The victim was a woman living in a nursing home. She testified at trial that she awoke one day to find Applicant, with whom she was friendly but not romantic, standing over her and touching her private areas beneath the covers. She told him no. Applicant then directed her to stand and remove her clothing, whereupon he continued to touch her sexually. She testified that he grabbed her and she repeatedly told him to stop. Applicant recounted nearly identical details under police questioning and in a written statement but claimed the encounter had been consensual. At trial, however, Applicant denied even touching the victim. Nurses at the home described seeing redness on the victim's chest afterwards, a bruise on her arm that the victim said was related to the incident, and behavior indicating a traumatic experience.

3

On appeal the Oklahoma Court of Criminal Appeals (OCCA) ruled that "there was ample evidence to establish beyond a reasonable doubt that [Applicant] forced himself on the victim without her consent and that he committed Second-Degree Rape by Instrumentation." *Maness v. State*, No. F-2014-568 at 2. Applicant has not shown that a reasonable jurist could debate that the OCCA's resolution of these issues was contrary to or an unreasonable application of Supreme Court precedent.

## B. Impartial Tribunal

Applicant argues that "[t]he judge [at the state trial] overstepped his bounds by questioning witnesses, in the method and manner he did, constitute judicial participation, effecting the outcome of the trial." Aplt. Br. at 4. The OCCA rejected the claim of bias, observing: "The questions propounded by the trial court to both State and defense witnesses was an effort to clarify testimony for its own benefit. The questions were not designed to establish facts in favor of the State's case but rather to elicit the truth, and they did not indicate the court's views one way or the other." *Maness v. State*, No. F-2014-568 at 3 (citation omitted). Applicant has failed to show that a reasonable jurist could debate that this disposition can be set aside under AEDPA.

## C. Excessive Sentence

Applicant claims his 15-year sentence is excessive and asks this court to reduce it by five years "in the interest of justice." Aplt. Br. at 4. He does not dispute that the sentence is within statutory limits. The OCCA followed its precedent stating that it would "not disturb a sentence within statutory limits unless, under the facts and circumstances of the case, it is so excessive as to shock the conscience of the Court."

4

*Maness v. State*, No. F-2014-568 at 3. In a federal habeas proceeding, "[w]e afford wide discretion to the state trial court's sentencing decision, and challenges to that decision are not generally constitutionally cognizable, unless it is shown the sentence imposed is outside the statutory limits or unauthorized by law." *Dennis v. Poppel*, 222 F.3d 1245, 1258 (10th Cir. 2000). No reasonable jurist could debate that the district court erred in dismissing this claim.

### D. Cumulative Error

Finally, Applicant claims that he is entitled to relief arising from the cumulative effect of the above alleged errors. Having discerned no error despite the challenges raised by Applicant in this court, we decline to issue a COA to consider this claim.

### III. CONCLUSION

We **DENY** a COA and **DISMISS** the appeal.

Entered for the Court

Harris L Hartz
Circuit Judge

5