**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 28, 2020**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

JEFFERY DALE BINGLEY,

　　Petitioner - Appellant,

v.

RICK WHITTEN, Warden,

　　Respondent - Appellee.

No. 20-7017
(D.C. No. 6:16-CV-00439-RAW-KEW)
(E. D. Okla.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **BRISCOE**, **BALDOCK**, and **CARSON**, Circuit Judges.
_____

Jeffrey Dale Bingley seeks to appeal the denial of his petition for a writ of habeas

corpus under 28 U.S.C. § 2254. We conclude Mr. Bingley is not entitled to a certificate

of appealability ("COA") and dismiss this matter.

**I**

Mr. Bingley was convicted in Oklahoma state court of sexually abusing his

stepdaughter. During the investigation by law enforcement, a district attorney investigator

named Saulsberry arrested Mr. Bingley, transported him to the County Sheriff's

Department, and conducted a custodial interview.

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

During that interview, Mr. Saulsberry read Mr. Bingley a *Miranda*[1] waiver. Mr. Bingley indicated he understood each of the rights as they were being read to him. However, he asked Mr. Saulsberry to explain what it meant to "waive" his rights. Mr. Saulsberry explained again. Mr. Bingley appeared to vacillate between waiving and preserving his rights ("I want to then again I don't"); after Mr. Saulsberry explained the evidence against him, Mr. Bingley commented, "I guess I messed up." Mr. Bingley later invoked his right to counsel and Mr. Saulsberry ended the interview.

Mr. Bingley filed a motion seeking to exclude the recording of his interview, particularly the comment "I guess I messed up," which the state characterized as a confession. The trial court conducted a hearing pursuant to *Jackson v. Denno*,[2] at which Mr. Bingley argued the statement was involuntary; both because he had not affirmatively waived his constitutional rights, and because the statement came after an hour or more of questioning. The trial court found, by a preponderance of the evidence, that the statements on the tape were voluntarily made. The Oklahoma Court of Criminal Appeals (OCCA) affirmed.

## II

A state prisoner must obtain a COA in order to appeal a denial of federal habeas relief. *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003). A petitioner seeking a COA must make "a substantial showing of the denial of a constitutional right." 28 U.S.C.

---

[1] *Miranda v. Arizona*, 384 U.S. 436 (1966).

[2] 378 U.S. 368 (1964).

2

§ 2253(c)(2). This, in turn, requires a demonstration that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). Put another way, a state prisoner must show that the district court's resolution of his or her constitutional claim was "debatable or wrong." *Id.*

For claims adjudicated by a state court on the merits, federal relief is proper only if the prisoner shows the state court decision was "contrary to, or involved an unreasonable interpretation of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). We make a general assessment of the merits of Mr. Bingley's claims to determine whether reasonable jurists could debate the district court's conclusion that the state court's decision was "unreasonable, either as a determination of fact or as an application of clearly established federal law." *Dockins v. Hines*, 374 F.3d 935, 940 (10th Cir. 2004).

### III

Mr. Bingley reasserts the same argument that he did to the trial court, to the OCCA, and then to the district court: that his confession was not voluntary and knowing, and thus should not have been admitted. His only addition on this appeal is to emphasize that he asked for an explanation of the meaning of waiver and waffled about whether to waive, and thus did not knowingly waive. He also adds that the OCCA and district court

3

were wrong to conclude there was no evidence Mr. Bingley was interrogated for an hour, longer than the video's recording.

But Mr. Bingley's comments that he asked for an explanation is not enough; he has not presented any evidence that investigator Saulsberry or any other officer did anything coercive. "Coercive police activity is a necessary predicate to finding a confession is not voluntary." *See Colorado v. Connelly*, 479 U.S. 157, 167 (1986); *accord United States v. Cash*, 733 F.3d 1264, 1281 (10th Cir. 2013). Even if Mr. Bingley's presentation is taken as a given, and his interrogation did last more than an hour, that factor alone would not contribute to a finding that his confession was involuntary. *Cf. United States v. Williams*, 576 F.3d 1149, 1162 (10th Cir. 2009) (length of questioning is a factor) with *United States v. Rodebaugh*, 798 F.3d 1281, 1292 (10th Cir. 2015) (commenting that a three-hour interview "was not unduly long, especially in light of the agents' nonaggressive questioning.") *and Sharp v. Rohling*, 793 F.3d 1216, 1233 (10th Cir. 2015) (noting a five-hour detention was "not unusually long").

In short, Mr. Bingley has presented nothing that would allow reasonable jurists to debate the outcome of his claim: his confession was voluntary.

**IV**

Because Mr. Bingley fails to show that the federal district court's resolution of his claims was debatable, we DENY his request for a COA and DISMISS this matter.

Entered for the Court

Mary Beck Briscoe
Circuit Judge