FILED
United States Court of Appeals
Tenth Circuit

December 3, 2025

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

TERRILL KIM MORRIS,

      Petitioner - Appellant,

v.

WYOMING ATTORNEY GENERAL;
STATE OF WYOMING,

      Respondents - Appellees.

No. 24-8087
(D.C. No. 2:24-CV-00120-ABJ)
(D. Wyo.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **HARTZ**, **EID**, and **CARSON**, Circuit Judges.
_____

Terrill Morris is currently serving a sentence of life without parole on two

convictions under Wyoming law for sexual abuse of a minor.  He requests a certificate of

appealability (COA) to appeal the dismissal by the United States District Court for the

District of Wyoming of his application for relief under 28 U.S.C. § 2254.  We deny a

COA and dismiss this matter.

A jury convicted Mr. Morris on two counts:  second-degree sexual abuse of a

minor in violation of Wyo. Stat. § 6-2-315(a)(ii) and third-degree sexual abuse of a minor

in violation of Wyo. Stat. § 6-2-316(a)(iv).  The charges stemmed from two incidents

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

with a seven-year-old boy, D.A., who was not related to Mr. Morris. Mr. Morris applied ointment to D.A.'s bottom on one occasion and showered with D.A. on another. The state district court sentenced him to life in prison without the possibility of parole on the first count and, consecutively, to 8 to 15 years' imprisonment on the second count.

Mr. Morris appealed his conviction. His counseled brief to the Wyoming Supreme Court advanced only a single issue: whether there was sufficient evidence of intent to support his conviction for second-degree sexual assault. *See Morris v. State*, 523 P.3d 293, 299 n.3 (Wyo. 2023). Although at oral argument he challenged the sufficiency of the evidence of his conduct, that was too late to raise the matter. *See id.*

Mr. Morris also sought leave to file a pro se supplemental brief raising as issues the admission of evidence of a prior Washington conviction, his right to confront his accuser because D.A. did not testify, and the ineffectiveness of his trial counsel in cross-examining D.A's mother. The Wyoming Supreme Court denied his motion to supplement counsel's brief and affirmed the conviction. *Id.* at 301.

Mr. Morris then filed a petition for postconviction relief in state court, arguing ineffective assistance of trial counsel, denial of his right to confront his accuser, improper admission of Rule 404(b) evidence, insufficient evidence of intent, and ineffective assistance of appellate counsel. The state court rejected these arguments and dismissed the petition; the Wyoming Supreme Court summarily denied review.

Mr. Morris then filed his § 2254 application, raising essentially the same issues he raised in his Wyoming postconviction petition. The district court granted the state's motion to dismiss and denied a COA.

2

To appeal the denial of his § 2254 petition, Mr. Morris must obtain a COA by "showing that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). Where, as here, the district court dismissed some of his claims on procedural grounds, he must show concerning those claims "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* Our consideration of a COA request incorporates the "deferential treatment of state court decisions" in the Antiterrorism and Effective Death Penalty Act (AEDPA). *Dockins v. Hines*, 374 F.3d 935, 938 (10th Cir. 2004). To obtain relief under AEDPA, "a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 562 U.S. 86, 103 (2011).

Mr. Morris's COA Application falls well short of these standards. Although he recites the various standards of review for the five issues he raised below, he addresses his specific claims with such generality that no reasonable person could be thereby persuaded that the rulings of the district court are debatable. Because this court "will not make arguments for a party that it did not make in its briefs," *Griffith v. El Paso Cnty.*, 129 F.4th 790, 817 (10th Cir. 2025) (brackets and internal quotation marks omitted),

3

*petition for cert. filed* (U.S. Oct. 10, 2025) (No. 25-442), we have no choice but to deny

Mr. Morris's application for a COA and dismiss this matter.

Entered for the Court


Harris L Hartz
Circuit Judge