FILED
**United States Court of Appeals**
**Tenth Circuit**

**March 26, 2026**

**Christopher M. Wolpert**
**Clerk of Court**

## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

_____

JAMES EDWARD MONTGOMERY,

Petitioner - Appellant,

v.

JAMES COTTON, Interim Warden,

Respondent - Appellee.

No. 25-5090
(D.C. No. 4:17-CV-00445-CVE-JFJ)
(N.D. Okla.)

_____

## ORDER DENYING CERTIFICATE OF APPEALABILITY[*]
_____

Before **TYMKOVICH**, **BALDOCK**, and **MORITZ**, Circuit Judges.
_____

James Edward Montgomery, an Oklahoma prisoner proceeding pro se,[1] seeks a

certificate of appealability (COA) to appeal from the district court's denial of his

28 U.S.C. § 2254 habeas application.  We deny a COA and dismiss this matter.

### I.  BACKGROUND

In a bifurcated trial, an Oklahoma state jury first convicted Montgomery of

maiming, resisting an officer, and public intoxication.  During the second stage of trial,

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Because Montgomery represents himself, we construe his filings liberally, but we do not act as his advocate.  *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

the jury found that Montgomery had two prior felony convictions and recommended the following sentences:  a sixty-year prison term for maiming, a one-year prison term for resisting an officer, and a thirty-day jail term for public intoxication.  The trial court sentenced Montgomery according to the jury's recommendations.  The Oklahoma Court of Criminal Appeals (OCCA) affirmed his convictions and sentences.  He then filed a § 2254 habeas application in federal court, claiming insufficient evidence, a due process violation, ineffective assistance of trial counsel, prosecutorial misconduct, and improper response to a jury question by the trial court.  The district court denied habeas relief. Montgomery now seeks a COA to appeal the district court's rejection of his habeas application.

## II.  DISCUSSION

Before he can appeal, Montgomery must obtain a COA.  *See* 28 U.S.C. § 2253(c)(1)(A).  To do so, he must make "a substantial showing of the denial of a constitutional right."  *Id*. § 2253(c)(2).  Because the district court denied his claims on the merits, Montgomery "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), when a state court has adjudicated the merits of a claim, a federal district court may grant habeas relief on that claim only if the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of

the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1), (2). When reviewing COA requests, we give "deferential treatment [to] state court decisions." *Dockins v. Hines*, 374 F.3d 935, 938 (10th Cir. 2004).

A state-court decision is contrary to clearly established federal law if the state court (1) "applies a rule that contradicts the governing law set forth in Supreme Court cases," or (2) "confronts a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrives at a result different from that precedent." *House v. Hatch*, 527 F.3d 1010, 1018 (10th Cir. 2008) (brackets and internal quotation marks omitted). A state-court decision involves an unreasonable application of clearly established federal law "when it identifies the correct governing legal rule from Supreme Court cases, but unreasonably applies it to the facts." *Id.*

Montgomery requests a COA on his sufficiency-of-the-evidence claim, his ineffective assistance of counsel claim, and his claim that the trial court responded improperly to a jury question.

## A. Sufficiency of the Evidence

Montgomery argues the prosecution failed to prove beyond a reasonable doubt that he committed the crime of maiming. For a sufficiency-of-the-evidence claim, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). Under Oklahoma law, "[e]very person who, with premeditated design to injure another, inflicts upon his person any injury which disfigures his personal appearance or disables any

3

member or organ of his body or seriously diminishes his physical vigor, is guilty of maiming." Okla. Stat. tit. 21, § 751.

Applying *Jackson*, the OCCA determined the prosecution provided sufficient evidence at trial for the jury to convict Montgomery of maiming. Montgomery argues the evidence was insufficient to establish that he had the intent to injure the victim. But the evidence included testimony from an ophthalmologist who treated the victim that the victim's eye injury was consistent with intentional gouging, not an accidental jab.

The district court determined that the OCCA's rejection of Montgomery's sufficiency-of-the-evidence claim was not an unreasonable application of *Jackson* or based on an unreasonable determination of the facts presented in state court. We afford deference to the OCCA's decision, *see Dockins*, 374 F.3d at 938, and we conclude no reasonable jurist would debate the district court's rejection of Montgomery's sufficiency-of-the-evidence claim.

## B. Ineffective Assistance of Counsel

*Strickland v. Washington*, 466 U.S. 668 (1984), governs ineffective-assistance claims. Under *Strickland*, the applicant must show (1) "that counsel's performance was deficient" and (2) "that the deficient performance prejudiced the defense." *Id.* at 687. The first prong requires an applicant to show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment." *Id*. The second prong requires a showing "that there is a reasonable possibility that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

4

"When a habeas petitioner alleges ineffective assistance of counsel, deference exists both in the underlying constitutional test (*Strickland*) and the AEDPA's standard for habeas relief, creating a doubly deferential judicial review." *Harris v. Sharp*, 941 F.3d 962, 973 (10th Cir. 2019) (internal quotation marks omitted). "Under this double deference, we consider whether there is *any reasonable argument* that counsel satisfied *Strickland*'s deferential standard." *Id.* at 974 (internal quotation marks omitted).

Montgomery argues the OCCA and the district court unreasonably applied *Strickland* when they rejected his claim that trial counsel provided constitutionally deficient performance by failing to present an expert witness to testify about the effects of phenylcyclohexyl piperidine (PCP), to establish his defense of intoxication and inability to formulate intent. The OCCA remanded Montgomery's case for an evidentiary hearing on the claim, where trial counsel and a professor of pharmacology testified. The OCCA then applied *Strickland* and considered the testimony from the hearing, including trial counsel's explanation that he decided not to call an expert on the effects of PCP because doing so could detract from his efforts to humanize Montgomery through lay witness testimony about his behavior. The OCCA concluded Montgomery failed to overcome the presumption that his trial counsel made an informed and reasonable strategic decision not to call an expert witness. The district court determined that the OCCA reasonably applied *Strickland*.

Given the "doubly deferential" review due ineffective-assistance claims, *Harris*, 941 F.3d at 973, no reasonable jurist would debate the rejection of Montgomery's claim. He has not shown that the OCCA's decision was so beyond the realm of reasonableness

that it could be considered contrary to or an unreasonable application of *Strickland*. Nor has he shown that the district court's evaluation of the OCCA's application of *Strickland* was debatable.

## C. Improper Response to Jury Question

"The right of the accused to be present during all critical stages of the trial is basic and fundamental." *United States v. Carter*, 973 F.2d 1509, 1515 (10th Cir. 1992). And "[a] question from the jury must be answered in open court and only after providing counsel an opportunity to be heard." *Id.*

During deliberations, the jury sent a note asking the trial court judge to define the term "intent." The judge wrote back that the jury had the law and evidence necessary to reach a verdict. Before the OCCA, Montgomery argued the trial court erred by responding without calling the jury into the courtroom or consulting counsel. He also argued the trial court erred when it refused to define the term "intent" for the jury.

The OCCA rejected these arguments, reasoning that any error in failing to respond to the jury in open court after consultation with counsel was harmless because "[t]he [jury] instructions, read as a whole, made clear the meaning of intent and the need for the jury to find that Montgomery intentionally inflicted disfiguring injury before it could convict him of maiming." R. vol. I at 302. The OCCA further reasoned that "[r]eferring the jury back to the instructions was an appropriate response" under the circumstances. *Id.* The district court determined that Montgomery failed to show that the OCCA's rejection of his claim was an unreasonable application of clearly established federal law

or based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

We agree and conclude that no reasonable jurist would debate the district court's rejection of Montgomery's claim. *See Carter*, 973 F.2d at 1515 (concluding trial court's failure to respond to jury question in open court after consultation with counsel was harmless error because "the trial court's response simply reiterated its previous instruction" and the response "was substantially identical to the court's previous jury instructions given in the presence of [the defendant] and his counsel").

## III. CONCLUSION

We deny Montgomery's application for a COA and dismiss this matter.

Entered for the Court

Nancy L. Moritz
Circuit Judge