UNITED STATES COURT OF APPEALS

**August 13, 2014**

TENTH CIRCUIT

JIMMY GLENN HENDRIX,

    Petitioner - Appellant,

v.

ANITA TRAMMELL, Warden,

    Respondent - Appellee.

No. 13-5099
(N.D. Oklahoma)
(D.C. No. 4:10-CV-00600-CVE-TLW)

## ORDER DENYING CERTIFICATE OF APPEALABILITY

Before **HARTZ**, **O'BRIEN**, and **GORSUCH**, Circuit Judges.

Jimmy Hendrix seeks a certificate of appealability (COA) to appeal the district court's denial of relief on his application under 28 U.S.C. § 2254. *See* 28 U.S.C. § 2253(c)(1)(A) (requiring COA to appeal rejection of claim under § 2254). We deny a COA and dismiss the appeal.

## I. BACKGROUND

In early March 2008 Mr. Hendrix spent a night drinking beer and smoking methamphetamine and then spent the next afternoon and evening driving around, drinking more beer, and smoking more methamphetamine with three acquaintances

(Derek Long, Jeffrey Smith, and his wife, Ashley Smith). At 11:00 p.m. they met the victim, Jerrod Young, in Tulsa, Oklahoma, for a drug deal. Young offered them cocaine and Mr. Hendrix snorted some. Shortly thereafter he and Young fought in the parking lot and he fatally shot Young in the back. He was charged with first-degree murder and possession of a firearm by a twice-convicted felon. The jury convicted him on both counts and he was sentenced to consecutive terms of life and 30 years. The OCCA affirmed his conviction and sentence, and it later affirmed the Oklahoma trial court's denial of postconviction relief.

Mr. Hendrix then filed a pro se application for relief under 28 U.S.C. § 2254 in the United States District Court for the Northern District of Oklahoma, raising the following grounds for relief: (1) his sentence was excessive because of improper closing argument by the prosecutor; (2) the court failed to instruct the jury on his theory of defense; (3) his trial counsel was ineffective for failing to request a jury instruction on accomplice testimony by Derek Long, Jeffrey Smith, and Ashley Smith, and the court failed to give that instruction on its own; (4) his counsel was ineffective for failing to request an instruction regarding inconsistencies in Long's testimony, and the court failed to give that instruction on its own; (5) the court improperly gave an instruction on evidence of flight; (6) his counsel was ineffective for failing to investigate his impairment from drugs and alcohol and present testimony of his acquaintances about his voluntary intoxication; (7) there was insufficient evidence of malice aforethought to convict him of first-degree murder; (8) his counsel was ineffective for failing to obtain an expert witness on

2

intoxication; and (9) the cumulative effect of these errors deprived him of a fair trial. The district court denied Mr. Hendrix's application and denied a COA. He now seeks a COA from this court on the last five grounds.

## II.     DISCUSSION

A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires "a demonstration that . . . includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). In other words, the applicant must show that the district court's resolution of the constitutional claim was either "debatable or wrong." *Id.*

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) provides that when a claim has been adjudicated on the merits in a state court, a federal court can grant habeas relief only if the applicant establishes that the state-court decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1), (2). As we have explained:

> Under the "contrary to" clause, we grant relief only if the state court arrives
> at a conclusion opposite to that reached by the Supreme Court on a question

3

of law or if the state court decides a case differently than the Court has on a set of materially indistinguishable facts.

*Gipson v. Jordan*, 376 F.3d 1193, 1196 (10th Cir. 2004) (brackets and internal quotation marks omitted). Relief is provided under the "unreasonable application" clause "only if the state court identifies the correct governing legal principle from the Supreme Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* (brackets and internal quotation marks omitted). Thus, a federal court may not issue a habeas writ simply because it concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. *See id.* Rather, that application must have been unreasonable. *See id.* For claims that the OCCA adjudicated on the merits, "AEDPA's deferential treatment of state court decisions must be incorporated into our consideration of a . . . request for [a] COA." *Dockins v. Hines*, 374 F.3d 935, 938 (10th Cir. 2004). In reviewing the state-court decision under § 2254(d)(1), we are "limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 131 S. Ct. 1388, 1398 (2011).

None of the grounds raised by Mr. Hendrix satisfies these standards. First, the OCCA held that the flight instruction was improper but that the error was harmless because "[a]n eyewitness saw Hendrix shoot the victim in the back, and this testimony was supported by other witnesses. There is no question of identification and no evidence that the crime was an act of self-defense." Aplt. App. at 287. No reasonable jurist could

4

contend that the OCCA's ruling was an unreasonable application of law clearly established by the United States Supreme Court.

The OCCA also rejected Mr. Hendrix's claim that his trial counsel was ineffective because she failed to investigate and present evidence of his voluntary intoxication. It said that the evidence offered to support this claim (affidavits from the acquaintances who were with him on the night of the murder) "did not meet the requirements necessary to justify an instruction on voluntary intoxication," Aplt. App. at 288, because they did not "offer any evidence suggesting that his level of intoxication at the time of the shooting was so high he could not form the intent to commit malice murder," *id.* at 288 n.7. To merit the voluntary-intoxication defense under Oklahoma law, the defendant must show not just that he was intoxicated, but that he was "so utterly intoxicated, that his mental powers [were] overcome, rendering it impossible for [him] to form the specific criminal intent . . . of the crime." *Jackson v. State*, 964 P.2d 875, 892 (Okla. Crim. App. 1998). The affidavits do state that Mr. Hendrix ingested drugs and alcohol before the shooting, was too intoxicated to drive, was slurring his words, and had blood-shot eyes. But it was not unreasonable for the OCCA to rule that this evidence lacked the specificity of impairment necessary to satisfy the requirements of state law. Mr. Hendrix therefore cannot overcome the deference we owe the OCCA's ruling.

On Mr. Hendrix's third claim—that there was insufficient evidence of the requisite mental state to convict him of first-degree murder—the OCCA held that "any rational trier of fact could find beyond a reasonable doubt that Hendrix shot the victim with

5

malice aforethought," Aplt. App. at 287, because "[a]n eyewitness saw Hendrix first hit the victim in the head, then shoot him in the back," and other witnesses corroborated this account, *id.* at 287 n.3. Given that under Oklahoma law, "deliberate intent to end human life . . . can be instantly formed and inferred from the fact of the killing," *Jones v. State*, 134 P.3d 150, 154 (Okla. Crim. App. 2006), no reasonable jurist could debate the district court's denial of relief on this claim.

Mr. Hendrix's fourth claim is that his trial counsel rendered ineffective assistance by failing to call an expert witness in his defense and that the district court should not have held that the claim was procedurally defaulted. We need not address the default, however, because the claim fails on the merits. The district court held that Mr. Hendrix "failed to produce any specific, admissible evidence in support of his claims," Aplt. App. at 510, so "[i]t is pure speculation on [his] part to assume that such an expert would provide beneficial testimony sufficient to sway the jury to find [him] not guilty of First Degree Murder," *id.* at 509. In his brief to this court, Mr. Hendrix (who now has counsel) does not challenge this aspect of the district court's decision or allege that any such evidence exists. Absent such evidence, no reasonable jurist could debate the rejection of this claim.

Finally, Mr. Hendrix contends that these errors cumulatively denied him a fair trial. But there was only one error—giving the flight instruction. When there were not multiple errors, there cannot be cumulative error. *See Lott v. Trammell*, 705 F.3d 1167,

6

1223 (10th Cir. 2013) ("[W]e undertake a cumulative-error analysis only if there are at least two errors." (internal quotation marks omitted)).

## III.   CONCLUSION

We DENY a COA and DISMISS the appeal.  We also DENY Mr. Hendrix's motion for leave to file an amended brief.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge