FILED
United States Court of Appeals
Tenth Circuit

August 14, 2014

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ZABRIEL EVANS,

      Petitioner - Appellant,

v.

STATE OF KANSAS; DAVID
McKUNE,

      Respondents - Appellees.

No. 14-3051
(D.C. No. 5:12-CV-03002-SAC)
(D. Kan.)

**ORDER**
**DENYING CERTIFICATE OF APPEALABILITY**

Before **KELLY**, **BALDOCK**, and **BACHARACH**, Circuit Judges.

Petitioner-Appellant Zabriel Evans, a state inmate appearing pro se, seeks a

certificate of appealability ("COA") to appeal the district court's denial of his

petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. We deny his

request and dismiss the appeal.

Mr. Evans was convicted of crimes in Kansas after a jury trial and

sentenced to 620 months' imprisonment. 1 R. 4. The Kansas Court of Appeals

affirmed on direct appeal, and the Supreme Court of Kansas denied review. 1 R.

5; State v. Evans, 154 P.3d 1184, 2007 WL 1042136 (Kan. Ct. App. 2007). Mr.

Evans unsuccessfully sought post-conviction relief in state court under Kan. Stat.

Ann. § 60-1507. Evans v. State, 248 P.3d 281, 2011 WL 1004609 (Kan. Ct. App. 2011). He filed his petition for habeas corpus under 28 U.S.C. § 2254 on January 3, 2012. 1 R. 4.

Mr. Evans raised eight grounds for relief in his habeas petition: (1) an English-speaking witness was impermissibly allowed to testify in Spanish through an interpreter; (2) insufficient evidence of "force or fear" to convict him of rape and aggravated sodomy; (3) ineffective assistance of trial counsel; (4) ineffective assistance of appellate counsel; (5) failure to give a jury instruction on a lesser-included offense; (6) jury instruction error; (7) insufficient evidence related to an alternative charge; and (8) error in calculating his criminal history score at sentencing. 1 R. 8-17. The district court found that the first claim and parts of the third and fourth claims (ineffective assistance) were procedurally barred and that Mr. Evans failed to show any result contrary to or an unreasonable application of clearly established federal law as to the remaining claims. Evans v. Kansas, No. 12-3002-SAC, 2014 WL 839232 (D. Kan. Mar. 4, 2014). The district court found an evidentiary hearing was not warranted, and denied a COA. Id. at *14; see 28 U.S.C. § 2253(c)(2). Mr. Evans challenges all of those determinations in his brief and request for a COA. Aplt. Br. 1-18.

For this court to grant a COA, Mr. Evans must make "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), such that "reasonable jurists could debate whether . . . the petition should have been

resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further," Slack v. McDaniel, 529 U.S. 473, 484 (2000) (citation and internal quotation marks omitted). As to the claims rejected on the merits, Mr. Evans must show that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack, 529 U.S. at 484. As to the procedurally barred claims, Mr. Evans must show both "a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id.

The district court's procedural rulings are not reasonably debatable. While Mr. Evans raised the propriety of allowing an English-speaking witness to testify in Spanish in his § 60-1507 motion, he abandoned that claim on appeal. Evans, 2014 WL 839232, at *2. See O'Sullivan v. Boerckel, 526 U.S. 838, 848 (1999). He has not shown cause, prejudice, or a fundamental miscarriage of justice to overcome the default. Mr. Evans did not properly present his ineffective assistance claims—regarding trial counsel's advice not to testify and appellate counsel's failure to raise ineffectiveness and the interpreter issue—to the state courts. Evans, 2014 WL 839232, at *3-4.

Nor do we think the district court's resolution of the remaining claims on the merits is reasonably debatable. There is no established constitutional right to a lesser-included offense instruction in non-capital cases. See Dockins v. Hines,

- 3 -

374 F.3d 935, 938 (10th Cir. 2004).  Mr. Evans has not identified any clearly established federal law that would contradict the state trial court's defining the word "entered" during jury instruction in a way that comports with Kansas law. See Evans, 2007 WL 1042136, at *2.  Insofar as Mr. Evans's claims that there was insufficient evidence to find "force or fear" or intent, the state court reasonably applied a legal standard consistent with Jackson v. Virginia, 443 U.S. 307, 319 (1979).  See Evans, 2007 WL 1042136, at *4.  With respect to his ineffective assistance claims for both trial and appellate counsel, the state courts reasonably applied law consistent with Strickland v. Washington, 466 U.S. 668, 687 (1984).  See Evans, 2011 WL 1004609, at *1-3.  And as to criminal history, a prior conviction need not be proved by a reasonable doubt, Apprendi v. New Jersey, 530 U.S. 466, 490 (2000), and the state court applied Kansas law consistent with Apprendi.  See Evans, 2007 WL 1042136, at *5.  We perceive no federal right implicated by Mr. Evans' contention that the state court failed to conduct an evidentiary hearing on his § 60-1507 motion, and therefore the district court's rejection of this claim is not reasonably debatable.

Mr. Evans's application for a COA is DENIED, the appeal is DISMISSED, and the motion to proceed in forma pauperis is GRANTED.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge

- 4 -