FILED
United States Court of Appeals
Tenth Circuit

August 30, 2018

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

CHRISTOPHER TALTON,

    Petitioner - Appellant,

v.

JASON BRYANT,

    Respondent - Appellee.

No. 17-7065
(D.C. No. 6:14-CV-00339-RAW-KEW)
(E.D. Okla.)

_____

**ORDER DENYING A CERTIFICATE OF APPEALABILITY**
_____

Before **LUCERO**, **HARTZ**, and **McHUGH**, Circuit Judges.
_____

Applicant Christopher Talton seeks a certificate of appealability (COA) to appeal the denial by the United States District Court for the Eastern District of Oklahoma of his application for relief under 28 U.S.C. § 2254. *See* 28 U.S.C. § 2253(c)(1)(A) (requiring COA to appeal final order in a habeas proceeding in which the detention complained of arises out of process issued by a state court). He complains of the district court's rejection of his claims of ineffective assistance of trial counsel. We deny a COA and dismiss this appeal.

After a bench trial an Oklahoma state court convicted Applicant of petty larceny and assault with a dangerous weapon. Given Applicant's previous felony convictions, the trial court sentenced him to 20 years' imprisonment. On appeal the Oklahoma Court of Criminal Appeals (OCCA) affirmed.

A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires "a demonstration that . . . includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). In other words, the applicant must show that the district court's resolution of the constitutional claim was either "debatable or wrong." *Id.*

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) provides that when a claim has been adjudicated on the merits in a state court, a federal court can grant habeas relief only if the applicant establishes that the state-court decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)–(2). As we have explained, "Under the 'contrary to' clause, we grant relief only if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Court has on a set of materially indistinguishable facts." *Gipson v. Jordan*, 376 F.3d 1193, 1196 (10th Cir. 2004) (brackets and further internal quotation marks omitted). Relief is provided under the "unreasonable application" clause "only if the state court identifies the correct governing legal principle from the Supreme Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.*

(brackets and internal quotation marks omitted). Thus, a federal court may not issue a habeas writ simply because it concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. *See id.* Rather, that application must have been unreasonable. *See id.* Therefore, for those of Applicant's claims that the OCCA adjudicated on the merits, "AEDPA's deferential treatment of state court decisions must be incorporated into our consideration of [his] request for [a] COA." *Dockins v. Hines*, 374 F.3d 935, 938 (10th Cir. 2004).

Applicant raises in this court two claims of ineffective assistance of trial counsel. To establish ineffective assistance, Applicant first has the burden of overcoming "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," *Strickland v. Washington*, 466 U.S. 668, 689 (1984), by demonstrating that his counsel's performance fell below "an objective standard of reasonableness," *id.* at 688. Second, Applicant must demonstrate "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. We can consider the performance and prejudice prongs in either order; if Applicant fails to meet his burden on one prong, we need not consider the other. *See id.* at 697.

Applicant's first claim is that he refused a plea-bargain offer of two years' imprisonment because his attorney mistakenly told him that the minimum sentence on the charge against him was four years, rather than the correct minimum of 20 years. Applicant's trial counsel provided the state trial court an affidavit asserting that he had indeed given Applicant this mistaken advice. But the trial court, aware of the affidavit,

3

found that "there was no confusion as to the range of punishment" because Applicant had been informed of the correct minimum by the original information. R., Vol. 1 at 156–57. The OCCA affirmed on the point [*id.* at 116–17], noting that Applicant had not submitted any evidence of his actual belief regarding the minimum sentence. The federal district court thoroughly explained why it could not set aside the OCCA's decision and further stated (1) that there was no evidence that Applicant would have accepted the plea offer if he had known what the minimum sentence was, and (2) that there was evidence indicating that the offer would have been revoked because of Applicant's postindictment criminal activity. No reasonable jurist could disagree with the district court's rejection of this claim. [1]

Applicant's other claim is that his waiver of his right to a jury trial was coerced by the state prosecutor, who purportedly indicated that he would not object to the reinstatement of Applicant's bond if he would agree to a bench trial. But Applicant never raised this argument in his direct appeal to the OCCA. He thus failed to exhaust his state-court remedies, and it is too late for him to do so now because he could have raised this issue on his state-court direct appeal but did not. *See Logan v. State*, 293 P.3d 969, 973 (Okla. Crim. App. 2003) ("[I]ssues that were not raised previously on direct appeal, but which could have been raised, are waived for further review."). Therefore, Applicant has procedurally defaulted this issue. *See Williams v. Trammell*, 782 F.3d 1184, 1212 (10th Cir. 2015) ("[A] habeas petition is procedurally defaulted if the petitioner failed to

---

[1] This analysis also disposes of Applicant's claim that his jury-trial waiver was invalid because of his counsel's improper advice regarding the minimum sentence.

exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred." (internal quotation marks omitted)).

We **DENY** a COA and **DISMISS** the appeal. We **GRANT** Applicant's request to proceed *in forma pauperis*.

Entered for the Court


Harris L Hartz
Circuit Judge