**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**January 23, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

_____

PIDY T. TIGER,

    Petitioner - Appellant,

v.

SAM CLINE,

    Respondent - Appellee.

No. 23-3072
(D.C. No. 5:19-CV-03088-JWL)
(D. Kan.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **HOLMES**, Chief Judge, **HARTZ**, and **MORITZ**, Circuit Judges.
_____

Pidy T. Tiger is a pro se Kansas inmate who seeks a certificate of appealability

(COA) to challenge the denial of his 28 U.S.C. § 2254 habeas petition.  *See* 28 U.S.C.

§ 2253(c)(1)(A) (requiring a COA to appeal the denial of a § 2254 petition).  We deny a

COA and dismiss this matter.

I

A Kansas jury convicted Mr. Tiger of rape and aggravated indecent liberties with a

child.  His convictions were upheld on direct appeal, and his state post-conviction

proceedings were unsuccessful.  He then sought federal habeas relief on five claims, four

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

alleging ineffective assistance of counsel and one based on *McGirt v. Oklahoma*, 140 S. Ct. 2452 (2020). The district court denied the first claim on procedural grounds and the rest on the merits. The district court also denied a COA and two post-judgment motions for reconsideration. Mr. Tiger now seeks a COA from this court.

## II

To obtain a COA, Mr. Tiger "must make a substantial showing of the denial of a constitutional right." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). For those claims the district court denied on the merits, he must show "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* But for the claim the district court denied on procedural grounds, he must go further and show *both* "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* (emphasis added). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petition should be allowed to proceed further." *Id.* If there is a procedural bar, the court should usually deny a COA on that basis, without reaching the constitutional issue. *Id.*

### A. Claim One: Procedural Default

We begin by considering whether reasonable jurists could debate that Mr. Tiger's first claim was procedurally defaulted. Procedural default is a "corollary to the exhaustion requirement," which mandates that "a state prisoner . . . exhaust available

2

state remedies before presenting his claim to a federal habeas court." *Davila v. Davis*, 582 U.S. 521, 527 (2017) (internal quotation marks omitted) (citing 28 U.S.C. § 2254(b)(1)(A)). If a state prisoner failed to exhaust his state remedies and would now be barred by state law from doing so, "there is a procedural default for purposes of federal habeas regardless of the decision of the last state court to which the petitioner actually presented his claims." *Frost v. Pryor*, 749 F.3d 1212, 1231 (10th Cir. 2014) (internal quotation marks omitted). "We have referred to this as an anticipatory procedural bar." *Id.* (internal quotation marks omitted). To overcome an anticipatory procedural bar, a prisoner must show cause and prejudice or a fundamental miscarriage of justice, which requires a credible showing of actual innocence. *Id.*

Mr. Tiger claims his appellate counsel rendered ineffective assistance by pursuing an issue on direct appeal that could not have resulted in relief—*viz.*, he faults his appellate attorney for arguing that his trial attorney violated his speedy-trial rights by taking continuances outside his presence when state law would not have attributed such delays to the prosecution. But he did not raise this claim in the state courts. Rather, he pursued a distinct claim on direct appeal against his *trial counsel*, arguing she rendered ineffective assistance and "denied him a speedy trial by taking numerous continuances without his permission." *State v. Tiger*, 2015 WL 1513955, at *9 (Kan. Ct. App. Mar. 27, 2015) (brackets and internal quotation marks omitted). The latter claim did not exhaust the former because state claims of ineffective assistance "based . . . on different reasons than those expressed in [the federal] habeas petition" do not satisfy the exhaustion requirement. *Smallwood v. Gibson*, 191 F.3d 1257, 1267 (10th Cir. 1999).

3

Further, Mr. Tiger now faces an anticipatory procedural bar because his federal claim would be rejected in state court as successive and untimely. *See* Kan. Stat. Ann. § 60-1507(c) (prohibiting successive postconviction motions); *id.* § 60-1507(f) (requiring that postconviction motions be filed within one year of termination of appellate jurisdiction on direct appeal, denial of certiorari by the Supreme Court, or denial of postconviction relief and any appeal). Mr. Tiger makes no attempt to show cause and prejudice or a fundamental miscarriage of justice, and thus no reasonable jurist could debate the propriety of the district court's decision.

### B. Resolution of Remaining Claims on the Merits

Turning to Mr. Tiger's remaining claims, all of which the district court denied on the merits, our assessment of whether a COA is warranted "requires an overview of the claims . . . and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). We also account for the deferential treatment afforded state court decisions by the Antiterrorism and Effective Death Penalty Act (AEDPA). *Dockins v. Hines*, 374 F.3d 935, 938 (10th Cir. 2004). Under AEDPA, federal habeas relief is prohibited on claims adjudicated on the merits in state court unless the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). "We look to the District Court's application of AEDPA to petitioner's constitutional claims and ask whether that resolution was debatable amongst jurists of reason." *Miller-El*, 537 U.S. at 336.

4

1.  *Claim Two:  Ineffective Assistance of Direct Appeal Counsel for Failing to Challenge a Voluntary Intoxication Instruction*

Mr. Tiger contends his direct appeal counsel rendered ineffective assistance. Under *Strickland v. Washington*, he must show his counsel's performance was both deficient and prejudicial.  466 U.S. 668, 688, 692 (1984).  Although our review of counsel's performance is always "highly deferential," "[t]he challenge is even greater for a petitioner under § 2254, as our review in such circumstances is doubly deferential." *Byrd v. Workman*, 645 F.3d 1159, 1168 (10th Cir. 2011) (internal quotation marks omitted).  "[W]e defer to the state court's determination that counsel's performance was not deficient and, further, defer to the attorney's decision in how to best represent a client."  *Id.* (internal quotation marks omitted).  Where, as here, a petitioner challenges appellate counsel's failure to raise an issue, the "petitioner must show both that (1) appellate counsel performed deficiently in failing to raise the particular issue on appeal and (2) but for appellate counsel's deficient performance, there exists a reasonable probability the petitioner would have prevailed on appeal." *Davis v. Sharp*, 943 F.3d 1290, 1299 (10th Cir. 2019).  We examine the merits of the omitted issue, and, if "meritless, its omission will not constitute deficient performance."  *Id.* (internal quotation marks omitted).

Mr. Tiger's ineffective-assistance claim turns on a factual issue.  "[W]e presume that the factual findings of the state court are correct unless the petitioner presents clear and convincing evidence to the contrary." *Frederick v. Quick*, 79 F.4th 1090, 1099 (10th Cir. 2023) (internal quotation marks omitted).  "The presumption of correctness

also applies to factual findings made by a state court of review based on the trial record." *Id.* at 1104 (internal quotation marks omitted).

Mr. Tiger contends his direct appeal counsel should have challenged a voluntary intoxication instruction that he says interfered with his Sixth Amendment right to present his own defense. He requested the instruction but asked the trial court to delete the first sentence, which stated, "Pidy Tiger raises voluntary intoxication as a defense." *Tiger*, 2015 WL 1513955, at *14 (internal quotation marks omitted).[1] He explained to the trial court that although he wanted the instruction, "he oppose[d] . . . telling the jury that he's raising voluntary intoxication . . . as a defense because he is not saying he did the actual crime." R., vol. II at 1157. He emphasized to the trial court that he did not "want the jury to have . . . any impression that he's agreeing that he committed the crime[s]." *Id.* The trial court refused to delete the first sentence of the instruction and asked Mr. Tiger, "with that position now from the Court, . . . does the defense still want to raise voluntary intoxication and instruct as such?" *Id.* at 1159. Mr. Tiger's trial attorney replied, "Preserving our objection to how [the instruction] is worded, yes, we still want to be able to discuss the effects of alcohol and specific intent." *Id.* His trial attorney later argued to the jury:

> What role does alcohol have to play in this. I want to talk about that for a minute. In no way is Mr. Tiger saying that he did these matters but he gets an out because he was drunk. But what the law tells you is that there is alcohol, you have the evidence of alcohol, consumption to excess. It's

---

[1] The Kansas Court of Appeals determined that Mr. Tiger abandoned this issue by failing to brief it on appeal, though the court considered and rejected it in any event. *See id.* at *14-15.

there.  So you as a juror get to decide how do we put this into this intent that he had to have to commit these crimes.

*Id.* at 1201.

Based on these proceedings, Mr. Tiger's direct appeal counsel argued that "[w]hen the [trial] court gave the instruction without the requested modification against Mr. Tiger's wishes, the [trial court] presented a guilt based defense on Mr. Tiger's behalf. This was error."  R., vol. III at 61-62.  The Kansas Court of Appeals (KCA) rejected that argument and concluded that Mr. "Tiger *was* raising the [voluntary-intoxication] defense," and that "he requested the trial court to provide the instruction."  *Tiger*, 2015 WL 1513955, at *14, 15.

During state postconviction proceedings, Mr. Tiger raised his present claim, arguing appellate counsel should have contended the trial court *sua sponte* instructed the jury on voluntary intoxication, which violated his constitutional right to present his own defense because he did not concede that he committed the alleged acts.  The state postconviction court rejected this claim, explaining:

> [Mr. Tiger] requested the voluntary intoxication instruction to undermine specific intent, but wanted to alter the [instruction's] language.  Instead of altering the [instruction's] language, this court instructed the jury pursuant to [the instruction] and allowed Trial Counsel . . . to argue the matter to the jury.  This court did not issue a sua sponte instruction on voluntary intoxication and did not interfere with [Mr. Tiger's] right to make his defense.
>
> In the direct appeal, the [KCA] made an extensive ruling regarding this court's decision to give the voluntary intoxication defense.  The [KCA] ruled [that Mr. Tiger] requested the instruction and had the opportunity to explain and argue the impact of the instruction as it pertained to a voluntary intoxication defense.

7

[Mr. Tiger] fails to sufficiently prove that either prong of the test for ineffective assistance of counsel has been met. Appellate Counsel . . . was not unreasonable for failing to raise the issue and there has been no showing of prejudice.

R., vol. IV at 112-13 (citation omitted).

The KCA summarily affirmed the denial of postconviction relief, and on federal habeas review, the district court denied the claim, ruling that the KCA reasonably determined that Mr. Tiger requested the voluntary intoxication instruction. The KCA's finding is presumptively correct, and Mr. Tiger offers nothing to suggest otherwise. It follows, then, that appellate counsel was not deficient in failing to raise an argument that had no factual basis—*viz.*, that the trial court *sua sponte* instructed the jury on voluntary intoxication. The district court's decision is not reasonably debatable.

2. *Claim Three: Ineffective Assistance of Substitute Counsel for Failing to Call Child Witnesses*

Mr. Tiger next claims substitute counsel, who represented him on a motion for a new trial, was ineffective in failing to call two witnesses at an evidentiary hearing to establish trial counsel's alleged ineffectiveness in failing to call the witnesses. The witnesses were two children, HJ and NJ, who were in the bedroom when the crimes were committed. Mr. Tiger asserted the children would have testified that they did not see or hear anything inappropriate. The state postconviction court rejected this claim, ruling the children's proffered testimony did not outweigh the trial evidence, so Mr. Tiger failed to establish either deficient performance or prejudice. The KCA affirmed, and the federal district court determined the KCA's decision was not an unreasonable application of *Strickland*.

8

Reasonable jurists would not debate the district court's decision. As the state postconviction court recognized, even accepting the children's proffered testimony, it would have been outweighed by the trial evidence, including: (1) the victim's conflicting testimony; (2) testimony from Crystal Johnson, who discovered Mr. Tiger in the room with the victim while the children were asleep; (3) physical evidence of the victim's injury; and (4) DNA evidence. The state postconviction court also recognized the proffered testimony would have been inconsistent with Mr. Tiger's testimony at the evidentiary hearing that both children awoke when Crystal entered the room, after the assault would have occurred. Mr. Tiger asserts the children's testimony would have created reasonable doubt of his guilt, but with nothing to substantiate his assertion, he cannot establish either deficient performance or prejudice.

### 3. Claim Four: Ineffective Assistance of Substitute Counsel for Failing to Argue Trial Counsel's Ineffectiveness

Mr. Tiger also contends substitute counsel was ineffective for failing to raise trial counsel's ineffectiveness in failing to call an expert on proper interviewing techniques for child witnesses. The state postconviction court concluded that Mr. Tiger did not establish either deficient performance or prejudice because trial counsel was not per se ineffective in failing to call an expert, and Mr. Tiger was not convicted based primarily on the victim's testimony, but also based on physical evidence, DNA evidence, and statements from Crystal Johnson. The state postconviction court observed that the victim's description of the assault evolved during her trial testimony, but the court pointed out that

9

trial counsel highlighted the victim's evolving testimony and argued at summation that it could have been caused by improper interviewing techniques. The KCA affirmed, and the federal district court concluded the KCA's decision was not an unreasonable application of *Strickland*.

Reasonable jurists could not debate the district court's conclusion. Although Mr. Tiger contends an expert might have explained how improper interviewing techniques could solicit inculpatory statements from a child witness, he wholly ignores the other evidence underlying his convictions, including physical and DNA evidence and statements from Crystal Johnson. Given this evidence, Mr. Tiger cannot show deficient performance or prejudice from trial counsel's failure to call an expert on child interviewing techniques. It follows then that he also cannot show substitute counsel was ineffective in failing to raise trial counsel's alleged ineffectiveness.

### 4. Claim Five: McGirt

Last, Mr. Tiger claims that under *McGirt v. Oklahoma*, 140 S. Ct. 2452 (2020), the trial court lacked jurisdiction because he is an Indian and his crimes were committed in Indian country. In *McGirt*, the Supreme Court held that tribal lands in Oklahoma comprising "the Creek Reservation had never been disestablished [by Congress] and that the land it encompassed remained Indian country for purposes of the Major Crimes Act." *Pacheco v. Habti*, 62 F.4th 1233, 1239 (10th Cir.), *cert. denied*, 143 S. Ct. 2672 (2023). Consequently, absent congressional passage of a law conferring jurisdiction on Oklahoma, *McGirt* held that Oklahoma lacked jurisdiction to prosecute Indians for major

crimes committed in Indian country. 140 S. Ct. at 2478. Relying on *McGirt*, Mr. Tiger claims Kansas courts similarly lacked jurisdiction to prosecute him.

The KCA rejected this claim, ruling that Congress expressly conferred criminal jurisdiction on Kansas. *State v. Tiger*, 2022 WL 4115573, at \*5 (Kan. Ct. App. Sept. 9, 2022) (citing 18 U.S.C. § 3243). The KCA also observed there was no indication the crimes here were committed in Indian country. *See id.* The federal district court denied relief because Mr. Tiger failed to identify any clearly established federal law extending *McGirt* to Kansas. *See Andrew v. White*, 62 F.4th 1299, 1310-11 (10th Cir. 2023) ("If— and only if—the principle of federal law was clearly established, do we then . . . consider whether the state court decision was contrary to or an unreasonable application of that clearly established federal law.") (internal quotation marks omitted). Mr. Tiger still fails to cite any clearly established Federal law extending *McGirt* to Kansas, and as a result, reasonable jurists could not debate the propriety of the district court's decision.

III

Accordingly, we deny a COA and dismiss this matter.

Entered for the Court

Jerome A. Holmes
Chief Judge